WALTON *v.* GAINES.

(*Nashville.* February 14, 1895.)

1. INFANT. *Disaffirmance of infant's deed.*

Privies in blood, but not privies in estate, may disaffirm an infant's voidable deed.

Cases cited: McGan *v.* Marshall, 7 Hum., 120; Robinson *v.* Coulter, 90 Tenn., 705; Matherson *v.* Davis, 2 Cold., 443; Scott *v.* Buchanan, 11 Hum., 467; Dodd *v.* Benthal, 4 Heis., 609.

2. SAME. *Disaffirmance when two disabilities concur.*

Where the disabilities of infancy and coverture concur at the time of the execution of the deed or mortgage, the right to disaffirm continues until after both disabilities are removed.

Cases cited: Scott *v.* Buchanan, 11 Hum., 467; Dodd *v.* Benthal, 4 Heis., 609.

3. SAME. *Void affirmance.*

A married woman cannot, after attaining her majority, affirm her deed made while she was an infant *feme covert* by an instrument which is not executed in conformity to the statutes regulating the conveyance of lands by married women.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. J. C. BRADFORD, Sp. Ch.

J. C. McREYNOLDS for Walton.

FRANK SLEMONS and E. A. PRICE for Gaines.

BEARD, J. In July, 1887, Louise L. Gaines, being then a minor and a married woman, joined her husband in the execution of a mortgage conveying certain realty, constituting a part of her general estate, to secure one Watkins, complainant's intestate, in the payment of a note of $8,000. After reaching her majority, and while yet a *feme covert*, at the request of the mortgagee, and without any new consideration, she executed and delivered to him a paper, in the following words, to wit:

"I, Louise L. Gaines, being twenty-two years of age in November, 1889, and having signed certain notes and mortgage for $8,000 to William Watkins in 1887, when I. was a minor, hereby take pride and pleasure in ratifying, affirming, and indorsing the said acts as fully as. if I had been twenty-one years of age when I signed the same.

"(Signed) LOUISE LYTLE GAINES."

Soon after the execution of this paper, and while yet under the disability of coverture, Mrs. Gaines died, leaving surviving her an infant of twelve years. The bill in this cause was filed, among other purposes, to foreclose this mortgage, and this infant was made a defendant thereto. In the progress of the cause, a guardian *ad litem* was appointed for this minor, who interposed, for the protection of his ward, the infancy and coverture of the mother. The Chancellor decreed that the minor child had the right to disaffirm this deed, and dismissed the bill,

so far as it sought to subject the estate of this minor to the payment of the mortgage debt. The complainant has filed the record in this cause in this Court for writ of error, and has assigned for error the action of the Court below in thus dismissing his bill. That the mortgage of his real estate by a minor is not void, but only voidable, subject to be affirmed or disaffirmed by him after he reaches majority, is well settled in this State. *McGan* v. *Marshall*, 7 Hum., 120; *Robinson* v. *Coulter*, 6 Pickle, 705.

When the disabilities of infancy and coverture concur at the time of the execution of the deed, or mortgage, then the right to disaffirm continues until both disabilities are removed, without regard to the length of time which may elapse between the date of the instrument and the freeing of the grantor from these disabilities. *Scott* v. *Buchanan*, 11 Hum., 467; *Dodd* v. *Berthal*, 4 Heis., 609.

This right of disaffirmance of a voidable deed is so far a personal privilege of the minor that it does not pass to a privy in estate. But it is otherwise as to privies in blood. To appropriate the language of Tyler, in his work on Infancy and Coverture, p. 59: "As a general rule, no one but the infant himself, or his legal representatives, can avoid the voidable acts, deeds, and contracts of an infant, for, while living, he ought to be the exclusive judge of the propriety of the exercise of a personal privilege intended for his benefit, and when dead, they alone

should interpose who legally represent him.    The rule would extend to privies in blood of the infant, but not to his assigns or privies in estate.''    To support his text, the author cites a number of authorities.

Such is the law of this State as is announced in the case of *Matherson* v. *Davis*, 2 Cold., 443.    In that case, an infant *feme covert* joined her husband in a deed, which was executed and acknowleged by her as is required by the statutes of the State in the matter of the conveyance of a married woman's estate.    She lived several years after attaining her majority, and then died while still a *feme covert*, leaving infant children surviving her.    One of the questions in the case was, could these children disaffirm the deed of the mother?    In answer to it the Court said: ''During the life of the grantor, no one except the grantor, and, after his death, none but his heirs, can call the title in question on account of the infancy of the grantor at the time of the execution of the deed.    And after the death of the grantor without having made the election, his heirs may do so, and thus affirm, or disaffirm, the deed, and their right to make such election may be exercised or waived in the same manner as by the grantor.''

As to the ratification attempted by Mrs. Gaines in the paper indicated in the first part of this opinion, it is sufficient to say it was ineffectual to affirm the mortgage in question, if, indeed, it could be affirmed by her during coverture.    Not only was

this paper without consideration, but it was very informal. If Mrs. Gaines could validly affirm during coverture (and this it is unnecessary here to determine), at any rate, she was, in the language of the Court in *Matherson* v. *Davis, supra,* "incapable of performing any act of affirmance in any other manner than in the mode provided by statute for the conveyance of real estate belonging to *femes covert.*"

The decree of the Chancellor, dismissing the bill so far as the minor's interest is concerned, is affirmed.