SAUNDERS v. RAILROAD.

(*Jackson.*　August 26, 1898.)

1. EJECTMENT. *Does not lie.*

A railroad company having, under its charter, the power to acquire a right of way by condemnation, gift, or purchase, cannot be ousted of its right of way acquired by the purchase of a railroad from another regularly created railroad company that had constructed and put the road in operation without paying for the land constituting the right of way. The landowner's remedy at law is provided by statute, and does not include ejectment. (*Post, pp. 207–210.*)

Code construed: §§ 1861, 1866 (S.); §§ 1566, 1571 (M. & V.); §§ 1342, 1347 (T. & S.).

Cases cited: Colcough v. Railroad, 2 Head, 172; Railroad v. Adams, 3 Head, 597; Railroad v. Cochrane, 3 Lea, 479; Parker v. Railroad, 13 Lea, 670.

2. CONSTITUTIONAL LAW. *Eminent domain.*

Under the constitutional provision that forbids the taking of private property for public use, without just compensation, it is not essential that the compensation shall precede the taking. It suffices that the statute authorizing the taking provides for due compensation and designates an impartial tribunal for its assessment. (*Post, pp. 208, 209.*)

Constitution construed: Art. I., Sec. 21.

Case cited and approved: Simms v. Railroad, 12 Heis., 621.

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

MORGAN & McFARLAND for Saunders.

TURLEY & WRIGHT for Railroad.

CALDWELL, J. This is an action of ejectment. The plaintiffs are the owners of a tract of land lying between the city of Memphis and the town of Raleigh, in Shelby County. The defendant, a regularly chartered railroad company, claims as owner and operates a steam commercial railroad between Memphis and Raleigh, its line of track passing over and through the tract of land owned by the plaintiffs. The right of way through this land was taken, and the road constructed and put in operation by the Raleigh Springs Railroad Company in 1891, such appropriation, so far as disclosed by this record, having been made without purchase, gift, or condemnation. That company became insolvent, and its property, including the right of way, was sold under decree of the Chancery Court, in June, 1894. J. T. Fargason became the purchaser, and, in August of the same year, sold it to the defendant, the Memphis & Raleigh Springs Railroad Company. The latter company went into immediate possession, and has operated the road continuously from that time to the present.

This action was commenced in June, 1896, to recover from the defendant the strip of ground on which the road is located through the land of the plaintiffs. The defendant pleaded not guilty, and the Judge, trying the case without the intervention of a jury, rendered a judgment dismissing the suit. The plaintiffs have appealed in error.

The judgment of the Court below is right. An

action of ejectment does not lie in such a case. By its charter the defendant was authorized to acquire a right of way by condemnation, gift, or purchase, and to construct and operate a railroad thereon. It purchased the right of way here in question, with the rest of the road, from one claiming to have acquired title through another regularly chartered railroad company, which had taken this particular right of way and others in the line and constructed a road upon them.

In this manner the defendant has come into the possession of the right of way through the land of plaintiffs in good faith, and is occupying and using it for the purpose contemplated by its charter. Such being true, that possession cannot be disturbed by an action of ejectment, thought the defendant's title be bad on account of the fact that the former company failed to acquire title to this right of way by condemnation or otherwise. At the most, the plaintiffs are entitled to compensation and damages only, and not to a recovery of the land.

Conceding that what previously transpired was ineffectual to divest the plaintiffs of their titles to this strip of ground, and, consequently, that the defendants acquired no title thereto by its purchase, the result of this litigation must be the same, for, in that event the defendant, under its charter and the general law, undoubtedly had plenary power to condemn the right of way for railroad purposes, and being now in possession and actually operating the

road, it cannot be ejected, though it has not, in fact, condemned the land and paid for it. It is true that the bill of rights (Const., Art I., Sec. 21) forbids the taking of private property for public use without just compensation, but this does not mean that compensation shall precede the taking. It suffices that the law authorizing the taking provides for the compensatoin and designates an impartial tribunal for its assessment. *Simms* v. *M., C. & L. R. R. Co.*, 12 Heis., 621.

Prior to the adoption of the Code of 1858, the remedy of the owner of land taken by a railroad company was confined to the provision of the charter. The remedy there given by the Legislature was exclusive. *Colcough* v. *N. & N. R. R. Co.*, 2 Head, 172; *Tenn. & Ala. R. R. Co.* v. *Adams*, 3 Head, 597. But since that time, by a provision originating with the Code, the landowner has more extended remedies. He not only has his former remedy of appeal in the condemnation proceedings instituted by the railroad company (Code, § 1342; M. & V., § 1566; Shannon, § 1861), but, in addition, if the company has actually taken possession of his land, and is occupying it for railroad purposes, without previous condemnation, the landowner may, upon his own petition, have "a jury of inquest" to assess his damages, "or may sue for damages in the ordinary way." Code, § 1347; M. & V. § 1571; Shannon, § 1866; *Railroad* v. *Cochrane*, 3 Lea, 479.

Thus the landowner's remedy was enlarged, but

that enlargement does not extend to or include an action in ejectment. Originally, his remedy was limited to that prescribed in the charter; now it is limited to that plus those added by the Code. As the original remedy was exclusive, so that and those added to it are now exclusive. They do not include an action in ejectment, hence, such an action is excluded. The landowner now has the right of appeal in the railroad company's condemnation proceedings, if it institutes them, and if it occupy his land without condemnation, he may have a jury of view, or an ordinary action of damages, at his election. He has no other remedies in a Court of Law; these are exclusive in that Court. If, for any sufficient reason, these legal remedies are embarrassed, and cannot be made available in a Court of Law, the landowner may, in a proper case, have appropriate redress through a bill in equity. *Parker* v. *Railway Co.*, 13 Lea, 670. We are aware that the Courts of last resort in many of the States hold that ejectment will lie, but in view of our statute it is not so in this State.

Affirmed with costs.