CHAMBERS *et al. v.* CHATTANOOGA UNION RY. Co. *et al.*

(*Knoxville.* September Term, 1914.)

1. INFANTS. Contracts. Duty to disaffirm.

Where it is uncertain whether an infant's contract benefits or prejudices her, and she marries while yet an infant, she should disaffirm the contract within a reasonable time, if she desires to avoid it. (*Post, pp.* 461, 462.)

Cases cited and approved: Lancaster v. Lancaster, 81 Tenn., 126; Scott v. Buchanan, 58 Tenn., 468.

2. INFANTS. Deed. Duty to disaffirm.

An infant's deed executed in consideration of a covenant of the grantee, which is void under the statute of frauds because not capable of being performed within one year, being void because clearly to the infant's prejudice, need not be disaffirmed. (*Post, pp.* 462, 463.)

Cases cited and approved: Swafford v. Ferguson, 71 Tenn., 292; Robinson v. Coulter, 90 Tenn., 705.

3. LIFE ESTATE. Adverse possession under life tenant. Remainders.

The possession of a life-tenant's grantee cannot become adverse to the remaindermen until after the death of the life tenant. (*Post, pp.* 463, 464.)

Code cited and construed: Sec. 1866 (S.).

Cases cited and approved: Matherson v. Davis, 42 Tenn., 443; Walton v. Gaines, 94 Tenn., 420.

4. EMINENT DOMAIN. Appropriation of land. Measure of damages.

The damages recoverable by a remainderman from a railroad company for the appropriation of land under a deed from the life tenant, in which the remainderman joined while an infant,

were properly assessed as of the date of the death of the life tenant, where the deed was void as to the remainderman. (*Post, pp.* 463, 464.)

5. **EMINENT DOMAIN.** Remedies of owners. Appropriation of land. Remaindermen.

While the chancery court has no jurisdiction of a proceeding brought solely for the condemnation of land for public improvements, or administer the relief authorized in condemnation proceedings under Shannon's Code, sec. 1866, it may entertain a bill in equity by remaindermen to have their rights declared as against a deed from the life tenant, under which a railroad company claims title to its right of way, and may grant complete relief in respect thereto. (*Post, pp.* 463, 464.)

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County.—T. M. McCONNELL, Judge.

FINLAY, CAMPBELL & COFFEY, for appellants.

SHEPHERD, FLEMING & SHEPHERD, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The case is one wherein Mary M. Thurman, the mother of complainants, being then the remainderman, joined with the life tenant in a conveyance of certain land to the railroad company for right of way while she was an infant and unmarried. This was in 1892. She was then eighteen years of age. She married in

1894, being still under twenty-one. She remained covert until 1905, when she died, leaving complianants her only heirs at law. The life tenant died in 1910. The present suit was brought a few months thereafter, eighteen years after the mother of complainants made her deed. The consideration of that deed was as follows: That is, a verbal agreement on the part of the railway company to erect a depot on the land, to be known as Thurman Station, to build a spur track and maintain it for the sole use and benefit of the owners of the property; that the freight rates should not exceed $3 per car to any point on the line; that not less than sixteen passenger cars per day would pass and stop at said depot; that passengers would be received and discharged at that point; and that the spur track, depot, and passenger service should be maintained during the use of the right of way by the grantee or its successors. In fact, a small depot was erected, and a spur track laid, both of which were maintained for two or three years, and the passenger train service was rendered for about the same period. However, all were then discontinued, and have never since been resumed.

The rule was long ago laid down:

"When the court can pronounce the contract to be to the infant's prejudice, it is void; when to his benefit, as for necessaries, it is good; and, when the contract is of an uncertain nature as to benefit or prejudice, it is voidable only at the election of the infants."

*Swafford* v. *Ferguson,* 3 Lea (71 Tenn.), 292, 294 (31 Am. Rep., 639).

If the case stated falls under the third division of the rule, the bill must be dismissed, because although complainants' mother was an infant when she made the deed, and subsequently married while still an infant, it became her duty, although under coverture, to disaffirm within a reasonable time, since the disabilities of infancy and coverture cannot be tacked. *Lancaster* v. *Lancaster,* 13 Lea, (81 Tenn.), 126, 131 et seq., an authority precisely in point. Mary M. Thurman lived thirteen years after the execution of the deed, and this would be sufficient time from which to infer an affirmance. *Scott* v. *Buchanan,* 11 Humph. (58 Tenn.), 468.

On the other hand, if the case falls under the first division of the rule, the result must be quite different. We are of the opinion that it should be so classed. A deed of an infant's land without consideration is void, not merely voidable. *Swafford* v. *Ferguson,* supra; *Robinson* v. *Coulter,* 6 Pick., (90 Tenn.), 705, 18 S. W., 250, 25 Am. St. Rep., 708. It is true that we cannot say the deed was wholly without consideration, but it was so nearly so that we can confidently affirm that it was to the infant's prejudice. The covenant of the railway company being verbal only, and not capable of being performed within one year, was void under the statute of frauds. Therefore there was no obligation on the part of the infant to disaffirm. In law, the deed was only that of the life tenant. The latter lived,

as stated, until 1910, and the present complainants, the heirs of the infant, could not sue until that time.

The *status*, then, was the railroad was in possession. As to complainants, the possession became adverse only on the death of the life tenant, and the damages were properly assessed as of that date. We have no doubt they could have instituted proceedings in the circuit court under Shan. Code, sec. 1866, for damages in the customary way or for the appointment thereunder of a jury of view, and have had their rights adjudged accordingly. The course they pursued, however, was to come into chancery to have the deed declared void, and as incidental relief to have the damages assessed. The chancellor approved this practice, referred the matter to the master, and the damages have been assessed through a commission agreed on by the parties, on the report of which commission the master based his findings, and no exceptions were filed to the amount so found. It is said, however, that the chancery court had no jurisdiction of the subject-matter. It is true that court has no jurisdiction of a proceeding brought solely for the condemnation of land for public improvements, or to administer the relief provided by section 1866, supra, in lieu of regular condemnation proceedings, where the railway company has entered on the land without instituting such proceedings, and without the owner's consent; but the complainants had the right to file their bill in equity, as heirs of their mother (*Matherson* v. *Davis,* 2 Cold., 443; *Walton* v. *Gaines,* 94 Tenn., 420, 29 S. W., 458),

to have their rights declared as against the deed under which defendant was claiming; and the court, having thus obtained jurisdiction, would not turn the parties away without settling the whole controversy and granting complete relief. The fact that a suit in equity was unnecessary, because complainants might have gone into the circuit court, would not change the matter. They could not enter and eject the railway company. It was material that they should obtain legal relief. The chancery court had power to interpret the clause in question, construe the deed in connection therewith, and to declare that the complainants, under such true construction, were not bound by the deed. Having obtained jurisdiction for this purpose, the court could go further and give complete relief, as stated.

The decree of the chancellor must be affirmed, with costs.