THE FEDERAL LAND BANK OF LOUISVILLE *et al.*, COMPLAIN-
ANTS, APPELLANTS, *v.* MONROE COUNTY, DEFENDANT,
APPELLEE.

(*Knoxville*, September Term, 1932.)

Opinion filed February 25, 1933.

J. F. WILLIAMSON and BURN & MICHAEL, for complainants, appellants.

PEACE & SLOAN, for defendant, appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

## ON PETITION TO REHEAR.

A petition to rehear is filed which presents one matter not considered in the opinion. The argument sustaining the petition is based upon a misconception of the Tennessee law of eminent domain.

On the hearing we assumed that the actual taking of the land was contemporaneous with the institution of the condemnation suit. As originally filed, the condemnation suit did not make all of the owners of the land parties. Later the other owners of the land came into the suit by petition and asked to be made parties thereto. This petition was granted and worked in effect an amendment of the pleadings. This amendment we related back to the institution of the suit, since in our opinion there were no rights intervening between the taking of the land and the amendment.

The petition to rehear assumes that there was no taking of the land until all its owners were made parties to the condemnation suit. The mortgage to the Federal

Land Bank antedated the addition of the new parties to the original suit. It is accordingly insisted that the mortgagee had acquired the interests of these new parties before such interests were taken and that the mortgagee, not being a party to the condemnation suit, was deprived of its property without due process of law.

While the actual taking was not contemporaneous with the institution of the condemnation suit, an exhibit to the supplemental bill discloses that the actual taking of the land occurred in February, 1928. The mortgage was not executed until April, 1928. The actual taking of the land preceded the mortgage by several weeks.

It is immaterial that all the owners of the land were not made parties to the condemnation suit until after the execution of the mortgage. Indeed, since the land was actually taken for public purposes by an agency endowed with the power of eminent domain, the case would have been the same, had no condemnation suit at all been filed until after the execution of the mortgage. It is settled in Tennessee by a long line of cases that the taking of land by a condemnor authorized to expropriate for public purposes, even though wrongful, leaves the landowner no redress except to sue for his damages under the statute. *Colcough* v. *Nashville & N. W. R. R. Co.*, 39 Tenn. (2 Head), 172; *Sanders* v. *Railroad*, 101 Tenn., 206; *Doty* v. *Telephone & Telegraph Co.*, 123 Tenn., 329; *Lea* v. *Louisville & N. R. Co.*, 135 Tenn., 560; *Armstrong* v. *Illinois Central R. Co.*, 153 Tenn., 283; *Campbell* v. *Lewisburg & N. R. Co.*, 160 Tenn., 477. That is to say, after such actual taking, the claim of the landowner becomes a personal claim for damages which will not pass to a subsequent vendee of the land unless such claim is

especially assigned. *County of Obion* v. *Edwards,* 159 Tenn., 491.

Other points made in the petition to rehear were fully considered in the original opinion and the petition is therefore denied.