## ATLANTIC ICE & COAL CO. v. CAMERON.

Eastern Section. November 30, 1935.

Petition for Certiorari denied by Supreme Court, May 2, 1936.

676

Green, Webb & Bass, of Knoxville, for plaintiff in error.
R. E. Creekmore, of Knoxville, for defendant in error.

McAMIS, J.   The action herein is for damages for personal injuries and property damage resulting from a collision between an ice truck operated by plaintiff in error, Atlantic Ice & Coal Company, and a motorcycle upon which defendant in error was riding. The trial below, before court and jury, resulted in a verdict and judgment for $1,000, from which the ice company has appealed in error to this court.   We refer to the parties, for convenience, as plaintiff and defendant.

The accident occurred about 6:30 a. m. on July 16, 1934, just outside the corporate limits of the city of Knoxville, at the intersection of Mann street and Southerland avenue.   Southerland avenue is a much-traveled street of the city of Knoxville and immediate suburban area, running east and west for a distance of two or three miles.   Mann street is only three or four blocks in length and it seems is little used by traffic.   It runs north and south, terminating at its northern extremity at the south side of Southerland avenue. Southerland avenue has an asphalt surface some twelve to fifteen feet in width with about one-foot gravel shoulder on either side. Mann street is only ten or twelve feet in width and is covered with loose gravel.

At the time of the accident, plaintiff was delivering newspapers on his motorcycle to his customers living along Southerland avenue, working westwardly on said avenue away from the direction of the city.   He stopped 150 feet east of the intersection of Mann street and Southerland avenue on his left-hand side of the street to deliver a paper to one of his customers, and then proceeded westwardly toward the intersection.   Defendant's truck, driven by one Bradshaw, was approaching·Southerland avenue going north on Mann street. It is shown by photographs appearing in the record that weeds some four or more feet in height growing along the easterly side of

Mann street and extending up to the edge of the one-foot gravel shoulder along the south side of Southerland avenue, as well as shrubs or bushes further to the east of Mann street, obstructed the view of the drivers of the approaching vehicles so that neither could see the other until one or the other emerged into the street intersection. Any view of vehicles approaching Mann street from the east on Southerland avenue was further obscured by the fact that Mann street is two or three feet below the level of Southerland avenue; the approach being upon an incline. For the same reason persons traveling west on .Southerland avenue are unable to see vehicles approaching from the south on Mann street.

In this situation the truck was driven into Southerland avenue, and, according to the view of the evidence most favorable to plaintiff (the successful party before the jury), in attempting to turn eastwardly into Southerland avenue, the truck had gotten into such position that its left front wheel and bumper extended three or more feet north of the center of Southerland avenue at the time of collision.

Plaintiff testified that, after stopping to deliver a paper on the left side of Southerland avenue, 150 feet east of the intersection, he began to shift over toward his right-hand side of the street; that defendant's truck came "quickly" out of Mann street; that, as soon as he saw it, he swerved further to the right until at the time of collision he was within two or three feet of the north side of Southerland avenue, but that he was unable to get far enough to the right to avoid the collision. The physical condition of the truck fairly shows that the main impact was against the left front fender of the truck.

The first assignment of error is that the evidence preponderates against the verdict. This court cannot weigh the evidence to determine where the preponderance lies, and this assignment is overruled.

The second assignment of error is that there is no evidence to support the verdict of the jury.

We think, if properly pleaded, there is material evidence of negligence which the jury may have properly concluded proximately resulted in injury to plaintiff. The driver of defendant's truck admitted that he did not see the motorcycle until about the time of collision, and, as we have seen, it was not visible to him until he entered the intersection. There is implicit in the verdict of the jury a finding that, in attempting to make the turn eastwardly into Southerland avenue, defendant's truck extended onto that side of Southerland avenue which the driver of defendant's truck should have anticipated would likely be used by west-bound traffic. Under these conditions, we think the jury might properly conclude that the driver of defendant's truck was not in the exercise of ordinary care

in driving into a blind intersection and into such position that he encroached upon the left side of the intersecting street in the direction in which he intended to proceed after making the turn without stopping or being on the lookout for such traffic.

If it could be said that the duties of plaintiff and the driver of defendant's truck to exercise care to avoid the collision were equal and reciprocal, it must be remembered that plaintiff, as soon as the truck appeared, swerved to the right and was upon his proper side of Southerland avenue at the time of collision, while the truck was not able to avoid crossing over into the line of traffic proceeding westwardly on Southerland avenue.

However, irrespective of the statute requiring drivers to give way to traffic approaching an intersection at the same time from the right, which is not pleaded and therefore cannot be considered, we think one approaching a much-traveled thoroughfare from a side street comparatively little used owes a greater duty to exercise caution than one proceeding upon the main thoroughfare, where, as in this case, both drivers are thoroughly familiar with the physical surroundings and traffic conditions.

Treating the general subject of the duty to use special caution in entering a blind intersection in Blashfield on Automobiles, the author states the rule as follows:

"Where the view of an intersecting street by a motorist approaching it is obscured, he must use special caution in making such approach; the duty of keeping a vigilant outlook to fulfill the obligation of the exercise of ordinary care being especially applicable in such case, as where an automobile driver, approaching a street intersection likely to be crossed at any time by other machines, has passed such corner many times, and is thoroughly acquainted with the situation, and knows of an obstruction preventing drivers from seeing approaching automobiles." 1 Blashfield, p. 508, sec. 31.

It is said, however, that plaintiff still had sufficient room to pass, even though defendant's truck occupied three or more feet of his side of the street. This cannot alter the case. Until an obstruction appears or it is known that one probably will appear, a motorist may use any part of the highway he chooses, being always upon the lookout, however, for other traffic. In this case plaintiff had driven his motorcycle on his left side of the street, but began to shift it back toward the center, and, as soon as the truck appeared, swerved to the right and was within three feet of the right side of Southerland avenue when the collision occurred.

We now come to a consideration of whether the declaration is properly framed to enable plaintiff to rely upon the negligence of defendant in entering the intersection in the manner above described.

The charge of negligence is stated in the declaration as follows: "The defendant, by and through its agents, servants and employees, drove a truck out of said alley (Mann Street) . . . at a high and dangerous rate of speed, towit; in excess of twenty (20) miles per hour without stopping before entering said street, and propelled the same against, into, over and upon the plaintiff."

The contention is made that the undisputed proof shows that defendant's truck was moving at the rate of from five to ten miles per hour, and that therefore the charge of excessive speed is unproven. While it is true there is no proof that defendant's truck was going in excess of twenty miles per hour, the rate of speed charged in the declaration, that fact would not preclude a finding that it was being operated too fast for safety under prevailing conditions and particularly when the driver could not see traffic upon Southerland avenue, and, assuming that the charge of excessive speed is not proven, still it appears without contradiction that the driver of defendant's truck did not stop before entering the intersection. The jury may have based its verdict upon his failure to do so, being of opinion that he was negligent in not stopping before entering a blind intersection and that this was the proximate cause of the injury to plaintiff.

It is further contended that the case was tried upon a different theory entirely than that alleged in the declaration; the contention being that the case was tried and the verdict and judgment rested upon the theory that defendant's truck was upon its left side of Southerland avenue and that this fact was made the basis of liability. It does appear that much of the evidence introduced by plaintiff consists of a showing or an attempt to show that the truck was upon its left side of Southerland avenue, but it cannot be said from this that such evidence was introduced for the purpose of establishing as a separate and distinct ground of liability the fact that defendant's truck was on the wrong side of the street. The declaration alleges that plaintiff was riding his motorcycle on the right side of Southerland avenue and that, while riding on said side of the street, defendant's driver drove a truck over and upon plaintiff causing the injury upon which the suit is based. This evidence was competent and germane to the charge that defendant's truck was driven against plaintiff where he alleged he was riding his motorcycle at the time of the collision, namely, on his right hand side of the street, and was evidently so treated by counsel for defendant, for no objection was interposed to it either during the trial or upon the motion for a new trial.

We are of opinion, therefore, that the second assignment of error is without merit and must be overruled.

The third assignment is to the effect that the verdict is ex-

cessive. The proof shows that damages to plaintiff's motorcycle amounted to $225, and there is proof tending to prove that his earnings have been reduced because he was unable after the accident to ride a motorcycle in delivering papers and was forced to take a less remunerative position. One of his thumbs was practically severed, and his left cheek was pierced, leaving a permanent scar. Considering the physical pain resulting from these injuries and minor bruises sustained, as well as loss of nine weeks' employment at $25 per week, we do not think the verdict is excessive.

By the fourth and fifth assignments of error, it is insisted the jury was improperly permitted to consider, as an element of damage, doctor's and hospital bills incurred by plaintiff; there being no averment in the declaration that such bills were incurred as a result of the collision.

■■ The courts are not in agreement as to the necessity of pleading specially that such bills have been incurred by a plaintiff in an action of damages for personal injuries. However, it is said the more reasonable and general rule in personal injury cases is that expenses of medical treatment incurred need not be specially pleaded, at least where the injury is alleged to be serious. The reason for this rule is that the description of a serious injury is sufficient to apprise the defendant of the necessity of such treatment and resulting expense. 8 R. C. L., 623. The declaration in this case alleges that plaintiff's left thumb was severed at the first joint so that "it was hanging only by a thin piece of skin," but that "said thumb has been bandaged to its normal position and may grow back" and that plaintiff was otherwise seriously bruised and injured. We think the description of plaintiff's injuries and the statement that his thumb had been "bandaged" sufficient to apprise defendant that medical treatment of the wounds described would necessarily have been incurred. It seems that defendant treated the declaration as not being deficient in the particular now claimed for no objection was interposed at the time the amount of the medical expenses incurred by plaintiff was proven in evidence; nor was any objection made when the court charged the jury that they might consider such expenses as an element of damages. This question was raised for the first time in the motion for a new trial.

"While proof may not be looked to to supply jurisdiction or other essential requirements of pleading, a doubt as to the sufficiency of the notice conveyed by allegations in the pleading may be resolved against a defendant when it appears that the defendant proceeds in apparent acceptance of the sufficiency of the pleading in this particular, and when in the progress of the cause all possible doubt is removed by the proof in ample time for the protection of the de-

fendant." Brown v. Brown, 159 Tenn., 551, 20 S. W. (2d), 1037, 1038.

We therefore find both assignment No. 4 and assignment No. 5, complaining at the court's charge in directing the jury to consider medical expenses as an item of damage for which recovery might be allowed, without merit, and both assignments must be overruled.

By the sixth and seventh assignments it is insisted that plaintiff was guilty of contributory negligence and that the court erred in not charging defendant's special request defining in particular what would be contributory negligence on the part of plaintiff under the circumstances shown. The court defined contributory negligence in the general charge, and said that it was plaintiff's duty to exercise that degree of care in the operation of his motorcycle which an ordinarily prudent person would have exercised under the facts and circumstances shown. The question of contributory negligence was for the jury to determine, and we do not think defendant was prejudiced by the court's refusal to charge its special request.

Finding no error in the judgment, all assignments of error must be overruled and the judgment below affirmed.