DICKENS *et al. v.* SHELBY COUNTY, TENN., *et al.*

(*Nashville,* December Term, 1941.)

Opinion filed January 19, 1942.

HUGH EDGINGTON, of Memphis, for appellants.

F. H. GAILOR, of Memphis, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Mary Dickens, deceased, owned a life estate in 1.37 acres of land in Shelby County and conveyed this acreage to defendants for school purposes. Mary Dickens died on December 31, 1939, and complainants, who aver themselves to be her sole heirs at law, filed their ejectment bill herein, on February 6, 1941, to recover possession of the land, together with rentals.

The following allegations appear in the bill:

"Your orators would show that a nice school building has been erected on this site and is known as the Overton Crossing Shelby County School for Negroes. Your orators would show that as a school building it is being used for said school purposes. This said school building and land together are worth several thousand dollars."

The court construed the bill to aver that Mary Dickens conveyed to defendants her life estate in this land, and not the fee. Counsel for complainants now asserts in his petition to rehear that the language of the bill, in this respect, was "a little ambiguous," and he now says that what he meant was that a life estate was all that she had to convey. He quotes adversary counsel to the effect that the deed purported to convey the land in fee simple to defendants. Accepting this as true, then defendants were in possession of the land at the death of Mary Dickens under recorded color of title to the land in fee simple. In this situation, defendants did not at the death of Mary Dickens take the land under the power of eminent domain. On the contrary, defendants held possession under their deed from Mary Dickens. It follows, then, that sections 3131 and 3132 of the Code, the first of which provides for the recovery of the value

of land taken under the exercise of the power of eminent domain and the second of which provides that suit must be instituted within twelve months from such taking, have no application. *Southern Ry. Co.* v. *Jennings,* 130 Tenn., 450, 171 S. W., 82. As held in *Campbell* v. *Lewisburg & Northern Railroad,* 160 Tenn., 477, 496, 26 S. W. (2d), 141, it is when an expropriator takes possession of land, occupying it for purposes of internal improvements, without condemnation proceedings or without color of title, that the land owners' remedy under Code 3131 is exclusive.

■ Defendants, as is averred in the bill, are in possession of the land in question for school purposes, having erected a schoolhouse thereon. Defendants, thus occupying the land for purposes of internal improvements, cannot be ousted in ejectment.

In *Campbell* v. *Lewisburg & Northern Railroad, supra,* 160 Tenn., at page 491, 26 S. W. (2d), page 145, the court said: ''The complainants in this case cannot recover possession of the land, nor can they free it from an inconsistent adverse possession. *Saunders* v. *Memphis & R. S. Railroad,* 101 Tenn., 206, 47 S. W., 155, 156, is conclusive. The plaintiff there brought an action of ejectment against defendant, a chartered railroad company, which had bought the land in question from one claiming to have title thereto. The defendant was occupying and using the land for purposes contemplated by its charter. It turned out that the title of the defendant's grantor was bad. The court said that the defendant's 'possession cannot be disturbed by an action of ejectment, though the defendant's title be bad on account of the fact that the former company failed to acquire title to this right of way by condemnation or otherwise. At the most, the

plaintiffs are entitled to compensation and damages only, and not to a recovery of the land.' "

The case of *Southern Ry. Co.* v. *Jennings, supra,* relied on by complainant was a suit instituted in a law court to recover damages for the appropriation of the land in question. The case of *Chambers* v. *Chattanooga Union Railroad,* 130 Tenn., 459, 171 S. W., 84, 86, was a suit in equity to have the deed of the minor conveying the land in controversy to the railroad declared void for want of consideration and as *incidental relief* to have damages assessed for the appropriation of the land. It was held that the complainants had the right to have their rights declared as against the deed under which the railroad was claiming, and the court having obtained jurisdiction, would not turn the parties away without settling the whole controversy and granting complete relief. The court said: "The fact that a suit in equity was unnecessary, because complainants might have gone into the circuit court, would not change the matter. They could not enter and eject the railway company. It was material that they should obtain legal relief. The chancery court had power to interpret the clause in question, construe the deed in connection therewith, and to declare that the complainants, under such true construction, were not bound by the deed. Having obtained jurisdiction for this purpose, the court could go further and give complete relief, as stated."

*Campbell* v. *Lewisburg & Northern Railroad, supra,* was a suit in equity wherein complainants sought to have their rights established in the land in controversy, claimed in fee by the railroad, and for partition. In the alternative, complainants asked for a decree for such damages as they might be entitled to. They were allowed

to recover the value of the land at the death of the life tenant, but were not entitled to anything for the value of the improvements placed thereon by the railroad.

In the instant case, we have a pure ejectment bill, which as held in *Sanders* v. *Memphis & R. S. Railroad,* 101 Tenn., 206, 47 S. W., 155, and *Campbell* v. *Lewisburg & Northern Railroad, supra,* will not lie. The bill seeks nothing more than the recovery of the land and *mesne* profits. No such equitable relief is prayed as would confer on the chancery court jurisdiction to allow damages for the appropriation of the land, even had such damages been sought.

As held in the original opinion of the court, the chancery court was without jurisdiction to entertain the suit, and the decree of the chancellor dismissing the same was without error.

Petition to rehear must be denied.