# J. L. ROGERS et al. v. MURFREESBORO HOUSING AUTHORITY.—365 S.W. (2d) 441.

Middle Section at Nashville. July 27, 1962.

Certiorari Denied by Supreme Court February 7, 1963.

164

James L. Bomar, Jr., James C. Burns, Jr., Shelbyville, J. J. Jewell, Jr., Murfreesboro, for plaintiffs.

Whitney Stegall, Richard F. LaRoche, Edward Seddon, Murfreesboro, for defendant.

I

SHRIVER, J. This is a suit to recover damages for the taking of certain real estate by the defendant Housing Authority in a slum clearance project. Suit was filed on May 13, 1955 and was heard in the Circuit Court of Rutherford County before Judge John D. Wiseman and a jury on June 11, 1957 and resulted in a directed verdict for the defendant.

Plaintiffs duly perfected an appeal in error to this Court where an opinion was filed on August 1, 1958, sustaining certain assignments of error and reversing and remanding the cause for a new trial.

After certain amendments were allowed to the pleadings and other preliminary matters disposed of the cause was again tried before Judge Wiseman and a jury on May 4, 1960 and succeeding days when the jury returned a verdict for plaintiff for $15,000.00 which was approved by the Trial Judge and judgment entered thereon, from which an appeal in error to this Court was perfected and assignments filed.

II

■ There is material evidence in the record to support a finding of the following facts with a proper predicate laid therefor in the pleadings.

On August 22, 1950 plaintiffs, J. L. Rogers, Harris Dement and Mrs. T. J. Dement executed a right-of-way deed conveying an easement of a right-of-way to the State of Tennessee covering the property in question, for a consideration of $1,750.00.

At the time plaintiffs signed this deed they expected a certain part of the property to be left after the construction of the highway and their testimony is that it was for this reason that they were willing to accept $1,750.00 for property which had cost them $3,000.00 four years previously.

Real estate values in the area of this property increased substantially from the time of its purchase in 1946 to 1950 when the deed to the State was executed.

The State constructed a highway over part of the property described in the deed to the State but did not use the remainder of the property except to re-route what is known as Town Creek. The highway was completed on June 17, 1952.

In March 1954 the State executed a quit-claim deed to any interest it had in the property, except the highway, to the Murfreesboro Housing Authority. The opinion and decree of this Court, hereinabove referred to, held that this action of the State in quit-claiming the property to Murfreesboro Housing Authority amounted to an abandonment of its interest in the property quit-claimed and that, thereupon, the fee simple title reverted to the plaintiffs.

The property in question was taken by the Murfreesboro Housing Authority for its use about June 1, 1954 and construction work thereon by the Housing Authority

took place sometime after this date. It was stated in the record by the attorney for the Housing Authority that he could not determine the exact day of taking.

It is admitted that the plaintiffs held title to the property in question and defendant has not received a conveyance to it other than the quit-claim deed from the State.

Testimony as to the fair market value of the property of the plaintiffs taken by the defendant, assuming a willing buyer and a willing seller on or about June 1, 1954, was as follows:

By Harris Dement, $26,000.00; by J. L. Rogers, $28,-000.00 to $30,000.00; by Chester Williams, $20,000.00; by Oscar Morgan, $20,000.00; by Carlisle Jennings, $18,-500.00; by Elliott Stockard, $24,000.00; by Allen Prince, Sr., $20,000.00.

### III

There are eleven assignments of error which we will discuss hereinafter.

Assignment No. 1, is that there is no evidence to support the verdict.

From the foregoing recitation of facts it is seen that this assignment is not well taken and must be overruled. Tallent v. Fox, 24 Tenn.App. 96, 141 S.W.(2d) 485, 495; Nashville, C. & St. L. Railway v. Sutton, 21 Tenn. App. 31, 104 S.W.(2d) 834; and many cases.

The second assignment is that the evidence preponderates against the verdict.

As has been held repeatedly by the Appellate Courts of this State such an assignment is not available to the

plaintiff-in-error where a jury verdict has been approved by the Trial Court. Jones v. Noel, 30 Tenn.App. 184, 204 S.W.(2d) 336; Atlantic Ice & Coal Co. v. Cameron, 19 Tenn.App. 675, 94 S.W.(2d) 72.

■ Assignment No. 3, is, "The verdict was contrary to the law and the evidence."

Under our rules this assignment is insufficient since it is too general and fails to specify the law and evidence brought in question by it.

■■ Assignment No. 4, that the verdict of $15,000.00 is excessive, and assignment No. 5, that the verdict is so excessive as to indicate passion, prejudice and caprice on the part of the jury, we think are not well taken because, as hereinabove pointed out, the evidence before the jury as to the value of the property taken ranged from $18,-500.00 to $28,000.00. The only proof that the defendant introduced was as to what two appraisers for the Housing Authority had valued and appraised certain other property in the vicinity of the property in question. And it is shown that the Housing Authority was not able to buy all of the property in the area for amounts fixed by these two appraisers but was forced to pay substantially higher values for certain parcels.

Counsel for defendant insist that certain of plaintiffs' witnesses testified to an evaluation of the property based on its condition after being improved by the Housing Authority. An examination of the entire testimony of these witnesses does not sustain this position.

In any event, there is substantial evidence to support an evaluation of $15,000.00 which is $3,500.00 less than the lowest value placed on the property by the witnesses.

For these reasons assignments 4 and 5 are overruled.

Assignments 6 and 7 complain of the refusal by the trial Judge to admit into evidence a certain letter from the City Manager of Murfreesboro addressed to the plaintiffs, and certain testimony proposing to establish the fact of delivery and receipt of this letter.

It is pointed out in the brief of counsel for plaintiffs that, in the former hearing of this case by the Court of Appeals, the first assignment of error of the plaintiffs related to the motion of the plaintiffs to strike from the defendant's amended and substituted answer all reference to allegations concerning the letter from the City Manager to the plaintiffs, and any allegation concerning its delivery etc. The Court of Appeals sustained this assignment and, thus, settled the question with respect to the introduction of that letter.

The record shows that, subsequently, the plaintiffs filed a motion to strike defendant's plea of not guilty and the part of the amended and substitute answer relating to the letter from the City Manager and to the plea of the statute of limitations, and the Court ordered the letter and defendant's plea of the statute of limitations stricken.

As to the letter in question, we agree with counsel for plaintiffs that the construction placed by defendant on the first paragraph, page 16 of the opinion of this Court in the former hearing, is erroneous. Defendant insists that the paragraph means that the matters concerning the letter are jury questions. The paragraph in the Court's opinion clearly means that the letter could not be introduced since it violates the parol of evidence rule and the statutes of fraud, but, if it had been admissible

so as to raise a question of estoppel, the question of fact as to whether or not the letter was delivered existed and would have had to go to the jury.

But we think counsel have overlooked the first paragraph on page 17 of the former opinion of this Court which is as follows:

"We are also of opinion that the letter in the record by which the City of Murfreesboro sought to change the title conveyed to the State from an easement to a fee, is subject to the objection that it violates the Statute of Frauds and is, therefore, insufficient to change or vary the terms of the deed itself."

Clearly the foregoing statement in the opinion of this Court in the former trial settled the question of the admissibility of the letter which is now the subject of assignments 6 and 7.

These assignments are overruled.

■ Assignment No. 8 is:

"The Court erred in granting plaintiffs motion to amend their declaration and summons and/or failing to sustain the motion of the defendant, Murfreesboro Housing Authority, for an order disallowing the amendment submitted by the plaintiffs."

As is pointed out by counsel for plaintiffs, this suit was initiated by a summons issued May 11, 1955 which summons was sufficient to put defendant on notice as the nature and kind of action it was called on to defend.

The summons contained the following words;

"Then and there to answer Mrs. T. J. Dement, Harris Dement, and J. L. Rogers for an action of dam-

ages in the amount of $15,000.00 for the appropriation by the defendant of a tract of realty located in the 'Bottoms' development at the Southwest Corner of the intersection of West Broad Street and South Church Street, 13th C. D., City of Murfreesboro, Rutherford County, Tennessee, said tract belonging to the said plaintiffs.''

In plaintiffs' declaration filed June 28, 1955 the fact of ownership was set forth and a description as contained in the deed of the plaintiffs was incorporated therein. It was further alleged that there was a part of the property which the Highway Department of the State did not use and occupy and a description according to the survey of Mr. Kerr was inserted as the description of the property which remained after the construction of the highway. The declaration further averred ownership of this property by the plaintiffs and alleged that the defendant had entered upon and appropriated same to its own use subsequent to June 1, 1954.

On October 20, 1959, plaintiffs moved to amend the summons issued in this cause by changing the amount sued for from $15,000.00 to $30,000.00 and, on the same date, filed a motion to amend the declaration so as to show the amount sued for to be $30,000.00 and changing the description of the property by inserting a description of a larger amount as determined from a survey. It was further sought to amend the declaration by asking interest at 6% per annum from the time of the taking of the property. Affidavits were filed to show the reason for the motion to amend and a failure to amend at an earlier date.

It is insisted by counsel for plaintiffs that the summons and declaration put defendant on notice that plaintiffs sought compensation for the property which was left and unused for highway purposes and the amendment merely provides a more accurate description of this property. All of the property described in the amended declaration was at the same Southwest intersection of West Broad Street and South Church Street in the City of Murfreesboro. It is also asserted that the change of the description was necessary after the plaintiffs learned that the field notes of the original survey by the State of Tennessee were available and that the property which they owned could more accurately be determined from said survey which was made sometime after the construction of the highway and after the old boundary land marks had been changed and removed.

It is urged that the mere correction of the description of the property which was left and later taken by the defendant did not make a new cause of action but was merely a correction of the description in the original cause of action and, thereby, related back to the filing of the summons of May 11, 1955.

We agree with these conclusions. See Blair v. Durham, 6 Cir., 134 F.(2d) 729; Norton v. Standard Coosa-Thatcher Co., 203 Tenn. 649, 315 S.W.(2d) 245.

As regards the application of the Statute of Limitations we refer to Dickens v. Shelby County, 178 Tenn. 305, 157 S.W.(2d) 825; Campbell v. Lewisburg & Northern Railway, 160 Tenn. 477, 26 S.W.(2d) 141; Southern Railway v. Jennings, 130 Tenn. 450, 171 S.W. 82.

Assignment No. 8, is overruled.

■ Assignment No. 9, is that the Court erred in refusing to declare a mistrial following certain remarks of plaintiffs' attorney, Mr. Jewell, at the close of all the evidence, since it is said that the remarks and arguments brought into the case matters which had not been admitted in evidence.

We are of opinion that there was no error on the part of the Trial Judge in refusing to grant a mistrial because of these remarks of the attorney.

Attorneys may argue to a jury all logical inferences to be drawn from proven facts. And considerable latitude is permitted in the statement of counsel as to conclusions to be drawn from the evidence. Burkett v. Johnston, 39 Tenn.App. 276, 282 S.W.(2d) 647.

Assignment No. 9, is overruled.

Assignment No. 10, is that the Court erred in failing to sustain the plea of the Statute of Limitations earlier interposed by the defendant.

The question of the Statute of Limitations was brought up in the other trial of this cause before the Court of Appeals and in that cause we stated, ''We concur with the Trial Court in his ruling that the Statute of Limitations does not bar this action.''

Thus, the only question that is available on the present appeal concerning the plea of Statute of Limitations must be as to the amendment to the summons and declaration which changed the suit from $15,000.00 to $30,000.00 and the description so as to more accurately describe the property which was already claimed by the parties and which was understood by everybody to be within the claim of plaintiffs.

We think we have sufficiently covered this question in dealing with previous assignments, hence, assignment No. 10, is overruled.

Assignment No. 11, is ''The Court erred in failing to grant defendant's motion for a new trial.''

Under the rules of this Court the assignment is insufficient on its face.

It results that all the assignments of error are overruled and the judgment of the Trial Court affirmed.

Affirmed.

Humphreys and Chattin, JJ., concur.