ARKANSAS FUEL OIL Co. *v.* TANNER *et al.*

(*Nashville*, December Term, 1952.)

Opinion filed July 17, 1953.

JOHN PAUL JONES, of Memphis, and WRAPE & HERNLY, of Memphis, of counsel, for appellant.

JAMES E. IRWIN, of Memphis, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This case originated in the General Sessions Court of Shelby County, in which the Arkansas Fuel Oil Company, a nonresident corporation, brought suit on an open account against K. G. Tanner. The account was properly sworn to and judgment duly entered against K. G. Tanner in the sum of $480.89 and costs of the suit. The case came

on to be heard before Hon. Harry Adams, Judge, etc., sitting without a jury, and the judgment of the General Sessions Court was affirmed. It appears that the judgment was taken not only against K. G. Tanner but also against James E. Irwin, Surety.

The alleged bond designated as "Appeal Bond from the Court of General Sessions" in case No. 66484 and signed by Vance Griffin, Clerk, recites:

"Know All Men by These Presents: That we, K. G. Tanner as Principal(s) and James E. Irwin as Surety, are held and firmly bound unto Arkansas Fuel Oil Co. or their certain Attorney, Executors, Administrators or Assigns, in the penal sum of —— Dollars, for the true payment whereof we bind ourselves, our Heirs, Executors, and Administrators, firmly by these presents.

"The Condition Of The Above Obligation Is Such, That Whereas, the above bound Principal(s) ha—— prayed for and obtained an appeal from Par —— of the Court of General Sessions at Memphis, Shelby County, Tennessee, to the Circuit Court of Shelby County, Tennessee, at its next term to be held at Memphis in said State and County, from a judgment rendered by said Court of General Sessions in the above-styled case.

"Now, if the said Principals (s) shall well and truly prosecute said appeal with effect, or in case —— fail(s) therein, pay and satisfy the whole debt, damages and costs which may be awarded against principal(s) for wrongfully prosecuting said appeal, and satisfy the judgment of said Circuit Court, thereon, then this obligation to be void, else to remain in full force and effect."

The foregoing bond is signed K. G. Tanner by James E. Irwin, Attorney, James E. Irwin, Surety. The bond was doubtless signed on the date it is marked filed by the General Sessions Court Clerk, 9-24-1951.

Judgment was entered in the Circuit Court against K. G. Tanner and James E. Irwin on December 17, 1951. On January 17, 1952, James E. Irwin filed a motion in the Circuit Court for "reformation of final decree and to strike defective appeal bond and release surety". The following grounds in support of the motion appear in the record:

"1. No amount stated in the body of the bond.

"2. No date shown indicating time of entry.

"3. Not sworn to.

"4. No qualification of surety shown on face of bond.

"5. The bond shows no indication of any judgment having been rendered against either party.

"6. The bond shows nothing to indicate that the plaintiff received or there was rendered a judgment for the plaintiff.

"7. That there is no indication that the defendant or the surety was notified or called at the time of the hearing or at any times."

On January 18, 1952, Judge Adams caused to be entered the following order:

"This cause came on this day to be heard on written motion of petitioner, James E. Irwin, who appears as surety on Appeal Bond from the General Sessions Court of Shelby County, Tennessee, seeking reformation of final judgment and to strike defective Appeal Bond and release surety, and said motion having been filed and submitted to the Court,

"It Is Therefore Ordered, Adjudged And Decreed that that motion has been submitted and that this term of Court is hereby extended for the purpose of hearing and disposing of said motion and further orders of the Court."

On January 25, 1952, this order was entered: "Motion to release surety was this day submitted to the court and plaintiff allowed to file motion to amend bond.", signed Harry Adams, Judge.

On January 28, 1952, counsel for the Arkansas Fuel Oil Company filed an elaborate motion for permission "to amend appeal bond and verdict." The motion undertakes to set out certain facts, such as that the judgment debtor, Tanner, was within the jurisdiction of the General Sessions Court of Shelby County when the judgment herein was entered against him on September 20, 1951; that subsequent to the appeal the judgment debtor has removed himself and his property from the jurisdiction of this court and that at the present time both the judgment debtor and his property are beyond the jurisdiction of this court and are not subject to execution and satisfaction of the judgment herein. It further recites that the said James E. Irwin, as attorney and surety, is *solely* responsible for creating this situation, etc.

The trial judge took the motion to reform the final judgment and also the motion to amend the bond under advisement and sustained the motion to reform and release the said James E. Irwin from liability on the bond. The trial judge in sustaining the motion to reform the bond found as follows (the same being incorporated in the judgment) : "* * * and after due consideration of the motion, argument of counsel in open Court, and upon review of the record, from all of which it appearing that heretofore minute entry was entered in Minute Book 101, page 382,

which indicated that a judgment had been rendered against James E. Irwin, surety, *which is contrary to the record made on the Court's Blotter, the Court having no recollection of having made such a ruling,* and that final judgment should be reformed accordingly," (Emphasis supplied). The decree further recites:

"It further appearing to the Court that the purported surety bond contained in the record does not state any monetary amount in the body of the bond, nor does the bond show any indication of any judgment having been rendered against either party in the Court below, nor does it show anything to indicate that the plaintiff received, or there was rendered, any judgment in the court below, and from all of which it appearing to the Court that Appeal Bond contained in the record is defective and motion of defendant to have said bond stricken should be granted and surety released,

"And it further appearing to the Court that plaintiff's motion to amend Appeal Bond and Verdict is not timely or proper and should not be allowed".

██ It is not disputed but that any order or judgment of the Circuit Court is subject to the control of the trial judge, and may be modified and set aside by him at any time prior to its becoming final. Any fact or circumstance which may have influenced the trial judge in pronouncing judgment, unless preserved in a proper bill of exceptions, cannot be considered on appeal or on petition for writ of error.

The plaintiff, Arkansas Fuel Oil Company, has filed a petition for writ of error and complains (1) that the trial judge erred in granting the motion of James E. Irwin to modify the original judgment and release him from liability on the alleged "appeal bond" because of alleged

defects therein, and (2) that he erred in overruling the plaintiff's motion to amend the said bond by inserting therein the amount of the judgment which was rendered in the General Sessions Court in favor of the plaintiff and against the principal, K. G. Tanner.

The petition was filed pursuant to Code Sections 6069, 9071 and 10618, of the official Code of 1932. The case is properly in this Court, the petition being filed within one year following the final judgment and presents no issue of fact except that which appears in the judgment complained of, i. e., a statement of a fact found by the trial judge and solely within his own knowledge. We thus have the case for decision solely upon the technical record.

The respondent, Irwin, has filed a written motion to strike the petition for writ of error because the writ is sought upon a recitation of facts not appearing in the record. The motion is not well taken. It is accordingly overruled.

While it is true that the petitioner's counsel has argued certain facts as relevant and persuasive in deciding the legal questions involved, we give them no consideration whatever because there is no evidence in the record, and no stipulation as to any fact, upon which the argument is based.

The assignments of error raise two questions, (1) the trial judge erred in sustaining the motion of James E. Irwin, Surety, to reform the judgment "so as to be a judgment only against the defendant K. G. Tanner"; that it was also error to hold that the appeal bond was defective. (2) It was error for the court to deny plaintiff's motion "to amend the Appeal Bond and Verdict because the law and substantial justice required that it be granted"; that "it was error to find that the said motion was not timely or proper and should be disallowed."

It is very clear from the language appearing in the judgment of the court, modifying the original judgment, that the mistake made therein, if any, i. e., in entering a judgment against both K. G. Tanner as principal, and James E. Irwin, Surety, was based upon the opinion of the trial judge that the appeal bond was defective. The trial judge states that *"it is contrary to the record made on the Court's Blotter, the Court having no recollection of having made such a ruling."* The trial judge corrected the judgment, allowing it to stand only as against Tanner, because the "Appeal Bond" was fatally defective. In ruling upon this determinative issue he found as follows: "* * * that the purported surety bond contained in the record does not state any monetary amount in the body of the bond, nor does the bond show any indication of any judgment having been rendered against either party in the court below, nor does it show anything to indicate that the plaintiff received, or there was rendered any judgment in the court below", etc.

The learned trial judge was correct in finding that the surety bond *"does not state any monetary amount in the body of the bond."* But he was in error in finding that it does not "show any indication of any judgment having been rendered against either party." Of course, the bond shows no judgment in the Sessions Court against Irwin, but it does recite that the defendant, Tanner, "prayed for and obtained an appeal" to the Circuit Court of Shelby County and that if the principal "fails to well and truly prosecute said appeal" the bond is to remain in full force and effect, thus binding the surety to "pay and satisfy the whole debt." The surety does not qualify as such, that is he was not sworn as to owning any property the value of which was over and above exemptions, etc., and in "excess of the penalty and amount of the appeal

bond.'' There is nothing to indicate that this bond was accepted by the General Sessions Court other than it was marked filed by the Deputy Clerk of the court.

■ We think the trial judge was in error in reforming the judgment so as to release Irwin from liability on the bond. Conceding as we must that the original judgment was ''contrary to the record made on the Court's Blotter'' we think the surety on the bond was liable as a matter of law. No proof was heard by the trial judge and his ''Court Blotter'' could only reflect what appealed on the face of the appeal bond. The fact that the amount was not stated in the bond does not impair its validity. The applicable Code Sections are as follows:

''9042. Bonds taken for the prosecution of appeals are a part of the record of the appellate court, on which judgment may be rendered at any time, against the appellant and his sureties, without notice.''

''9043. * * * if the appellant take an appeal, or an appeal in the nature of a writ of error, from an inferior to a superior jurisdiction, the bond shall be taken and the sureties bound for the payment of the whole debt, damages, and costs, and for the satisfaction of the judgment of the superior court where such cause may be finally tried and determined; provided, that nothing contained in this section shall be construed as depriving appellants of the right of appeal in forma pauperis.''

''9090. No omission or neglect to insert the proper conditions in any such bonds shall vitiate or impair the validity of the same.''

''8707. No summons, writ, pleading, process, return, or other proceeding in any civil action in any court, shall be abated or quashed for any defect, omission, or imperfection.''

Of course defects such as render any process, or other material part of a record, void cannot be amended, and there can be no valid judgment pronounced upon it. But under the foregoing Code Sections the defect complained of is supplied by the law itself, i. e. the surety is liable in the Circuit Court *"for the payment of the whole debt, damages, and costs"* etc. Section 9043, supra.

There can be no mistake as to the case wherein judgment was pronounced by the Sessions Court. The civil warrant was No. 66484. "Judgment for the plaintiff (Arkansas Fuel Oil Company) for $480.89 and costs of suit." The itemized sworn account was sent up with the Sessions Court warrant and judgment. The appeal bond, which we have copied in this opinion, bears the same docket number as the civil warrant, to wit, 66484, so that there is no escape from the conclusion that it obligated the surety to pay the judgment of $480.89 noted on the warrant.

The motion to strike the petition for writ of error is denied for reasons stated in this opinion. We have given full consideration to the brief of counsel for the respondent but feel they do not support his contention. There is no merit in respondent's insistence that petitioner should be repelled and the writ denied because of delay in filing it. The statute provides that it may be filed within one year after the judgment as a matter of right, which was done in the instant case. After the expiration of one year and before two years have elapsed it can only be filed by permission of the court. Code Section 9068, Application for the writ shall be made "To the clerk of the proper appellate court within one year after the judgment or decree." Code Section 9069, "To the appellate court, or a judge thereof, within two years after the judgment or decree."

The writ as prayed for is therefore granted with the result that the judgment of the trial court is reversed. A judgment will be entered in this Court against the principal, K. G. Tanner, and James E. Irwin, Surety, for $480.89 and costs. No interest is allowed as a part of the judgment.

In conclusion it should be said that we have given no consideration to any argument of petitioner's counsel based upon facts not appearing in the record, such as that the appeal was prayed to enable Tanner to leave the jurisdiction of the court with his property; that his counsel and surety thus assisted him in defeating the plaintiff in the collection of his judgment. There is nothing before us to sustain this argument, and it is ordered stricken from the record. We find no merit whatever in the contention of petitioner's counsel that James E. Irwin as counsel and surety violated the Canon of Ethics of the Memphis and Shelby County Bar Association. There is nothing in the record upon which to base it. We think it is an unwarranted attack upon the counsel and it is ordered stricken from the record.