**NEWPORT HOUSING AUTHORITY, INC.**

v.

**Mrs. Eula Mae HARTSELL.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 25, 1975.

Certiorari Denied by Supreme Court Jan. 26, 1976.

William M. Leibrock, Newport, for appellant.

Edward F. Hurd, Newport, for appellee.

## OPINION

SANDERS, Judge.

The Plaintiff has appealed from a jury verdict in its suit to condemn the property of the Defendant.

The Plaintiff-Appellant, Newport Housing Authority, filed suit in the Circuit Court of Cocke County to condemn a portion of the property belonging to the Defendant-Appellee, Mrs. Eula Mae Hartsell. Through inadvertence the complaint, as originally filed, stated: "Your Petitioner estimates the sum of $25,450.00 to be just compensation for the property." The figure which the Petitioner intended to use was $14,-900.00. By subsequent order the petition was amended to reflect this to be the amount rather than $25,450.00.

The original petition was filed on April 26, 1973, and the declaration of taking was filed at the same time.

On May 5, 1973, a writ of possession was issued giving the Petitioner possession of the property.

On May 16, 1973, the Defendant filed her exceptions to the amount of $14,900.00 tendered into court by the Petitioner and demanded a jury to try the question of damages.

On June 16, 1973, an order was entered, approved by counsel for both the Plaintiff and the Defendant, dismissing the suit. The order, in substance, stated as follows:

"In this cause, came the parties in open Court by and through their attorneys, and announced to the Court that they no longer desired to contest the matter, and move the Court for permission to dismiss the action pending against them, which motion the Court was pleased to and doth allow.

"IT IS, THEREFORE, ordered and directed that the case be and the same is hereby dismissed at the cost of the petitioners. The Clerk of the Court is directed to pay to the defendant, Mrs. Eula Mae Hartsell, the amount of $14,550.00, which amount the petitioner paid into Court upon the filing of this cause."

On July 12, 1973, the Defendant filed a petition with the Court asking that the order of June 16 dismissing the case be set

aside and the case restored to the docket and set for trial. In her petition she alleged that there had been a misunderstanding between her and the Petitioner as to certain things the Petitioner was going to do for her.

On June 8, 1974, over the objection of the Petitioner, the Court entered an order setting aside the order of dismissal and restoring the case to the trial docket.

The case was tried before a jury with The Honorable George R. Shepherd, Circuit Judge, presiding.

The jury returned a verdict of $30,000.00 for the value of the property taken and $5,000.00 as incidental damages.

The Plaintiff filed a motion for a new trial, insisting, among other things, that the verdict of the jury was excessive.

The Court granted a remittitur of $1,500.00 and overruled the motion for a new trial.

The Plaintiff has appealed and assigned error.

Plaintiff's first assignment of error is: "The verdict of the jury in awarding the defendant $35,000.00 was contrary to the law evidenced in the case."

■ Under our rules this assignment of error is too general and fails to specify the law and evidence brought into question by it. *Rogers v. Murfreesboro Housing Authority,* 51 Tenn.App. 163, 365 S.W.2d 441.

Plaintiff's second assignment of error is: "The Trial Court committed reversible error in failing to grant a new trial in the light of the fact that Edward F. Hurd, attorney for the defendant, stated to the jury and in the presence of the jury that an appra*si*l of $25,450.00 had been made by witness for the plaintiff, concerning the property involved in the cause. Said statement was error*no*us, prejudicial and created bias in the minds of the jury."

An examination of the record reveals the following colloquy on this point:

"Q. Mr. Collins, was this property at one time appraised for $25,450.00?

"MR. LEIBROCK: Your Honor, now I object to that.

"COURT: Well, I sustain the objection about was it appraised at that. Now, if he appraised it at that I'll let you ask it.

"Q. Did you appraise it at $25,450.00?

"A. No sir, I did not.

"MR. LEIBROCK: Your Honor, I'm going to object to this and I ask the Court to allow me to read the Motion to Amend an Order, which is part of the pleadings.

"COURT: I'm going to sustain your objection to this testimony with reference to the question.

"MR. LEIBROCK: It is simply I made a typographical error on one piece of property and it was corrected with a motion and order and he knows that.

"COURT: I'll sustain the objection.

"MR. HURD: I just have a right to find out if it has ever been appraised at that figure and that's what I'm trying to do by him."

We think it was highly improper for Defendant's counsel to inject a figure of $25,450.00 in this record when he knew that figure was originally put into pleadings through inadvertence. We put no credence in counsel's statement that he wanted to find out if the witness had appraised the property at this figure. We would be less than naive if we failed to recognize it as a tactic to create an erroneous impression in the minds of the jury. We would not hesitate to reverse and remand for misconduct of counsel except the granting of a mistrial is not a matter of meting out punishment to the Defendant for his misconduct that is to be considered and the state is interested in the repose of litigation. Also, we feel that any damage the Plaintiff's case may have suffered by the improper conduct of counsel was cured by Plaintiff's counsel's subsequent explanation.

At the conclusion of the trial Plaintiff's counsel made the following statement to the jury: "Gentlemen of the jury, Mr. Hurd asked—not this appraiser, but the other one, if he had ever appraised this property at some $24,000-something. When I prepared this law-suit I had several to prepare and I made a list of the names of the people and the appraised values that we put on it. I made a mistake, I don't know whose property it was, but on somebody's property, not this property, was appraised at $24,000.00, I don't know whose property it was now, but anyway the lawyer on the other side caught the thing and said 'You say you appraised it at $14,000—some figure, and you've got a $24,000.00 figure here.' I then amended the complaint and changed it to what it was appraised at. It was simply my fault and my secretary's fault that that figure got in here and Mr. Hurd asked one of the men about it. Now, it is in the pleadings, but he didn't go on to say that here was a motion and order to amend where Leibrock made a mistake with his typewriter. Now, that's what it boils down to. I wanted to clear that up."

We think the explanation was sufficient to remove any doubt from the jury's mind as to where the figure of $25,450.00 came from.

Plaintiff's second assignment of error is overruled.

Plaintiff's third assignment of error is: "The Trial Court committed reversible error in granting the petition of the defendant, Eula Mae Hartsell, to allow her to restore this case to the trial docket for trial after the same had been dismissed and completely compromised and settled by order of this Court and agreement of the parties thereto and present counsel. Said motion was allowed over the objection of the plaintiff."

It is a well-settled rule in this state that any order or judgment of the Circuit Court is subject to the control of the trial judge and may be modified or set aside by him at any time before becoming final. Such orders or judgments do not become final until 30 days after entry. Rules of Civil Procedure Nos. 59.03, 59.04. See *Arkansas Fuel Oil Co. v. Tanner,* 195 Tenn. 553, 260 S.W.2d 286, and *Benson v. Fowler,* 43 Tenn.App. 147, 306 S.W.2d 49.

The motion to set aside the order of dismissal and restore the case to the trial docket was made within the 30-day period and there is nothing in the record to show that the term of court had ended prior to the filing of the motion.

In the case of *Arkansas Fuel Oil Co. v. Tanner, supra,* our Supreme Court, speaking through Chief Justice Neil, said:

"It is not disputed but that any order or judgment of the Circuit Court is subject to the control of the trial judge, and may be modified and set aside by him at any time prior to its becoming final. Any fact or circumstance which may have influenced the trial judge in pronouncing judgment, unless preserved in a proper bill of exceptions, cannot be considered on appeal or on petition for writ of error."

The fact that the Court did not act upon the motion to set aside the order of dismissal within 30 days is not controlling. As was said in the case of *Payne v. Fire & Marine Ins. Co.,* 173 Tenn. 659, 662, 122 S.W.2d 431, 432, "The courts are without power to set aside judgments after the expiration of [30] days. But if the motion is properly entered within the [30] days on the motion docket, the Court may consider it after [30] days have expired."

Plaintiff's third assignment of error is overruled.

Plaintiff's fourth assignment of error is: "The Trial Court committed reversible error in failing to set aside the judgment of the jury because the judgment was so totally excessive as to shock the conscience of the Court and evidenced unaccountable prejudice, passion or caprice on the part of the jury."

Plaintiff's petition called for the taking in fee simple of 7,420 square feet of

land and a construction easement over 1,350 square feet for the construction of side slopes along the relocation of Cosby Road. The Defendant had approximately 13,465 square feet of land left after the taking. There was a three-bedroom frame house located on the portion that was taken. There had also been an addition to the house in which the Defendant operated a beauty parlor.

The Defendant testified that she considered the house and the land taken in fee to be worth $30,000.00. She considered the portion over which the construction easement was taken to be worth $8,000.00 to $10,000.00 and that there was $5,000.00 incidental damages to the remaining property.

Mr. Wilbur Lindsey, a building contractor, testified that he considered the residence and beauty parlor to have a value of $20,000.00. He did not place any value on the land nor did he testify concerning incidental damages.

Mr. Bob Kilpatrick, a real estate broker who testified in behalf of the Defendant, fixed a value of $35,000.00 on the entire tract of land and improvements and $30,000.00 as the value of the land and improvements taken. He fixed a value of $5,000.00 on the remaining portion of the property after the taking.

Mr. Scott Collins testified for the Housing Authority and fixed the value on the land and improvements taken at $14,350.00 and Mr. William Curtis fixed the value at $14,200.00. Neither of these witnesses made any allowance for incidental damages. The record indicates that they both considered there were compensating benefits to offset resulting incidental damages.

The proof in the case at bar is quite analogous to the proof in the case of *Lawson v. Wilkinson,* 60 Tenn.App. 406, 447 S.W.2d 369. In that case one of the property owners had fixed the value on the property taken at a figure higher than the other witnesses and the court held that to be material evidence upon which the jury could base its verdict and it could not be disturbed on appeal. In sustaining the jury verdict, the court said:

"With respect to Assignment of Error No. II we are of the opinion that there was material evidence to support the verdict of the jury. One of the Defendants, George Melton, was properly permitted to testify as to the value of the three tracts of land and it was his opinion that they had a value of $15,000.00.

"It is also true that there was material evidence to support a verdict of a less amount. This presented a question for the jury to decide and the jury apparently took the Defendant's evaluation of their property. It is not for us to weigh the evidence. *Schenk v. Gwaltney,* 43 Tenn.App. 459, 309 S.W.2d 424; *Young v. Spencer,* 44 Tenn.App. 83, 312 S.W.2d 479. If there is any material evidence to support a jury verdict the Court of Appeals is required to uphold the verdict and the judgment thereon. *Callahan v. Middleton,* 41 Tenn.App. 21, 292 S.W.2d 501. Where supported by material evidence a jury verdict, approved by the trial judge, is conclusive as to the facts. *Hime v. Sullivan,* 188 Tenn. 605, 221 S.W.2d 893; *Simpkins v. Manners,* 34 Tenn.App. 244, 236 S.W.2d 984. Where there is conflicting evidence, a jury verdict approved by the trial judge will not be disturbed by the Court of Appeals. *Berryhill v. Mutual Benefit, etc., Ass'n,* 37 Tenn.App. 303, 262 S.W.2d 878.

"This court is not required nor permitted to weigh the evidence where there has been a trial by jury. Upon the authorities above cited we can only determine whether or not there was material evidence to support the verdict of the jury. As above stated, we are of the opinion that there was material evidence to support the verdict of the jury."

The law, as above stated with reference to our review of jury verdicts, is as it should be. Our Constitution provides for a right of trial by jury and it is axiomatic that should our appellate court substitute its

judgment for that of the jury, the litigants would be deprived of jury verdicts.

However, the facts in the case at bar point up the need for a change in the rules of evidence pertaining to the qualifications of a witness who is permitted to give an opinion as to the value of real estate involved in litigation. Until recent years there were only a limited few people trained in the science of real estate appraising, but it has now reached a professional status that should be recognized by the courts. The American Institute of Real Estate Appraisers has developed real estate appraising to almost an exact science.

Mr. Scott Collins, who appraised the property for the Housing Authority, has a degree in real estate from the University of Tennessee. He is a senior member of the American Institute of Real Estate Appraisers and American Society of Appraisers and the Society for Real Estate Appraisers and a member of the National Association of Real Estate Boards.

Mr. William Curtis, who appraised the property, has a B.S. degree from the University of Tennessee in real estate. He has completed the American Institute of Real Estate Appraisers courses. He is a member of the American Institute of Real Estate Appraisers. He is a part-time faculty member at the University of Tennessee where he teaches real estate appraising, real estate and property development.

These two appraisers, without conferring with each other on their appraisals, were within $150.00 of each other as to the value of this property.

Something is wrong with our rules of evidence when a verdict can be predicated on the opinion of a person completely ignorant of real estate values and the opinions of skilled, knowledgable, professional experts ignored. It is likened to taking the opinion of a midwife over that of an obstetrician.

We are not pleased with our position in having to overrule the Plaintiff's last assignment of error, as we are not satisfied that justice has been done. We have seen a number of cases in this court where we think the ends of justice would have been more nearly met had only qualified expert witnesses been permitted to express an opinion as to real estate values. Being only an intermediate appellate court, we are not at liberty to depart from standards set by precedent cases handed down by or approved by our Supreme Court. But until such time as our ancient rules of opinion evidence relating to real estate values have been modernized these injustices will continue.

We are compelled, as of now, to overrule the Plaintiff's fourth assignment of error.

The judgment of the Trial Court is affirmed and the cost of this appeal is taxed to the Appellant.

PARROTT, P. J. (E.S.), and GODDARD, J., concur.