Linda KILBY, Plaintiff–Appellant,

v.

Richard D. SIVLEY, solely in his official capacity as Commissioner of the Tennessee Department of Mental Health and Mental Retardation, and Martha B. Olsen, solely in her official capacity as Secretary to the Tennessee Civil Service Commission, Defendants–Appellees.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Oct. 28, 1987.

Application for Permission to Appeal Denied by Supreme Court Jan. 25, 1988.

---

Michael V. Thompson, Nashville, for plaintiff-appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Wayne E. Uhl, Asst. Atty. Gen., Nashville, for defendants-appellees.

## OPINION

LEWIS, Judge.

This is an appeal by plaintiff from the judgment of the Chancery Court for Davidson County, Tennessee, affirming the Tennessee Civil Service Commission.

Plaintiff Linda Kilby was dismissed from her employment as a Developmental Technician II at Clover Bottom Developmental Center, which is operated by the Tennessee Department of Mental Health and Mental Retardation.

The Tennessee Civil Service Commission upheld plaintiff's dismissal. Plaintiff filed a petition for review in the Chancery Court for Davidson County, Tennessee, and, following a hearing, the Chancellor found that plaintiff was dismissed for insubordination and affirmed the Civil Service Commission by order dated December 19, 1986.

Plaintiff then filed a "Petition for Review" with this Court. In an order entered February 5, 1987, we stated:

> Linda Kilby has filed a one-page "Petition for Review" from an order of the Chancery Court for Davidson County, "upholding the decision of the Tennessee Civil Service Commission." We have no record before us other than this one-page "Petition for Review."
>
> If the petitioner is attempting to invoke the direct review jurisdiction of this Court pursuant to Tennessee Rule of Appellate Procedure 12, then the petition is without merit. The petition shows on its

face that this is not a direct review of a final administrative order but an attempt to review the Chancellor's affirmance of the final administrative order of the Tennessee Civil Service Commission. However, even if this were an attempt to have direct appellate review by this Court of the final administrative order of the Tennessee Civil Service Commission, the petition would be without merit.

> This Court does have direct appellate jurisdiction of certain final administrative orders. *See* Tenn.Code Ann. § 4–5–322(b)(1) (Supp.1986). This Court does not have direct review jurisdiction of decisions of the Tennessee Civil Service Commission.

> An appeal from the Chancery Court to the Court of Appeals from a petition for review filed in the Davidson County Chancery Court is taken as is any other appeal of right under the Rules of Appellate Procedure. Tenn.Code Ann. § 4–5–323.

> This Court is without jurisdiction to consider the "Petition for Review." The petition is therefore dismissed at the cost of petitioner, Linda Kilby.

On January 30, 1987, while her "Petition for Review" was pending in this Court, and subsequent to defendants' motion to dismiss the "petition," plaintiff filed a "Motion for Relief from Judgment" pursuant to Rule 60.02(1), Tenn.R.Civ.P., in the Chancery Court. She alleged in her motion that she should be relieved from the December 19, 1986 order because of the "inadvertent pursuit of her appeal by Rule 12 rather than Rule 3 [Tenn.R.Civ.P.]." In support of her motion she filed the affidavit of her attorney which in pertinent part is as follows:

> On January 14, 1987, the undersigned erroneously filed a Petition for Review of a Final Order of the Chancery Court of Davidson County, Part II, with the clerk of the Tennessee Court of Appeals in an attempt to seek review of that Order. The Petition was filed at the request of the Petitioner herein after a discussion of the merits of an appeal with her.

Although the undersigned has been licensed to practice law since 1973, he has been in the private practice of law for less than three years. The Petition filed with the clerk of the court of appeals is the first that he has filed in an attempt to seek review of an adverse decision in an administrative appeal and, in fact, the first civil appeal that he has ever filed.

In reviewing the applicable Rules of Appellate Procedure, the undersigned erroneously chose to proceed under Rule 12 rather than the applicable Rule 3 and thus filed the abovementioned Petition for Review with the appellate court clerk rather than the appropriate Notice of Appeal with the clerk of the trial court.

The action taken by the undersigned in proceeding under Rule 12 was inadvertent rather than one of lack of due diligence with regard to time for filing.

The Chancellor sustained the Rule 60.-02(1), Tenn.R.Civ.P., motion on the ground "that the notice seeking review of the judgment herein was *mistakenly* filed with the clerk of the Court of Appeals rather than the clerk of the trial court" and set aside the December 16, 1986 order and re-entered it as of March 3, 1987. (emphasis supplied) From the March 3, 1987 order the plaintiff timely appealed.

Tennessee Rule of Civil Procedure 60.-02(1) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect."

The only basis shown in the record for relief under Rule 60.02(1) is the affidavit of plaintiff's attorney which states that he "erroneously chose to proceed under Rule 12 rather than the applicable Rule 3."

Tennessee Rule of Civil Procedure 60.02 is available to persons who fail to timely file a notice of appeal. *Jerkins v. McKinney,* 533 S.W.2d 275 (Tenn.1976). In *Jerkins,* counsel did not file a timely notice of appeal through no fault of counsel or the party. The order overruling the motion for a new trial was entered and counsel was not notified until more than thirty days had

expired. In *Tate v. County of Monroe,* 578 S.W.2d 642 (Tenn.App.1978), this Court affirmed the trial court setting aside an order overruling the motion for a new trial and re-entering that order where defendant did not receive notice that the motion had been overruled until more than thirty days had passed from the entry of the order.

However, in *John Barb, Inc. v. Underwriters at Lloyds of London,* 653 S.W.2d 422, 424 (Tenn.App.1983) the trial judge refused to set aside a judgment for failing to timely file a notice of appeal where an attorney went on vacation "prior to receiving directions from" his client regarding whether the client wished to appeal. This Court, speaking through Judge Franks, stated:

Under T.R.A.P., Rule 2, appellate courts are expressly prohibited from extending the time allowed for taking appeal as of right, and the time limit provided by T.R.A.P., Rule 4, is mandatory and jurisdictional. The rules for perfecting an appeal must be strictly complied with and are not subject to waiver, and the otherwise untimely appeal can only be taken by first securing relief under T.R.C.P., Rule 60.02, in appropriate circumstances.

We conclude the excuse offered by affidavit for non-compliance with T.R.A.P., Rule 4, does not affirmatively establish that the trial judge abused his discretion in deciding the circumstances were inappropriate for granting relief.

*Id.* (citations omitted).

In *Jefferson v. Pneumo Services Corp.* 699 S.W.2d 181, 182 (Tenn.App.1985), the plaintiff's excuse for failure to timely file a notice of appeal was that his "lawyer failed to file a timely notice of appeal because he was busy with other clients' work." This Court held "that the normal press of an attorney's workload alone does not provide a basis for Tenn.R.Civ.P. 60 relief." *Id.*

We have been unable to find a Tennessee case wherein the appellate courts have addressed the question of whether ignorance of the Rule is enough to entitle a party to relief under Tenn.R.Civ.P. 60.02(1). Rule 60(b)(1) of the Federal Rules of Civil Proce-

dure and Rule 60.02(1), Tenn.R.Civ.P., are identical.

In 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2858 at 170 (1973), a comment on Federal Rule of Civil Procedure 60(b)(1), states that a party "must make some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law."

In *Ohliger v. United States*, 308 F.2d 667 (2nd Cir.1962), a case in which counsel attempted to justify his conduct by pleading ignorance of the court's rules of procedure, the Court stated:

> Surely this is not the sort of "excusable neglect" contemplated by Federal Civil Rule 60(b), 28 U.S.C.A. as ground for vacating an adverse judgment. Counsel's carelessness cannot be excused by this Court if it is to perform its obligation to other litigants whose cases are necessarily delayed by such conduct.

*Id.* at 667–668.

In *In Re Wright*, 247 F.Supp. 648, 659 (E.D.Mo.1965), counsel pleaded "lack of knowledge of procedure on objections to discharge" in bankruptcy. The Court, in denying the Rule 60(b) motion, stated: "Ignorance of rules of procedure is not 'excusable neglect' within the meaning of the term as used in Section 60(b). A showing of carelessness or negligence is neither inadvertence nor excusable neglect justifying granting a motion under Section 60(b)." *Id.* (citations omitted).

In *U.S. v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir.1971), the Court stated: "The law in this circuit is reasonably clear when a conscious decision has been made by counsel, ignorance of the law 'is not the sort of "excusable neglect" contemplated by Federal Civil Rule 60(b), 28 U.S.C.A. as ground for vacating an adverse judgment.' " (citation omitted).

We are of the opinion following our review of this record that the trial court erred in exercising its discretion in setting aside the December 19, 1986 judgment. The mere fact that a lawyer is ignorant of the rules or mistakenly reads the rules is not within itself reason to invoke Rule 60.-02(1), Tenn.R.Civ.P.

To grant relief in every case where a lawyer is mistaken about the rules or is negligent in reading the rules would emasculate the rules pertaining to filing of notice of appeal.

The record does not support the Chancellor's finding "that the notice seeking review of the judgment ... was mistakenly filed with the clerk of the Court of Appeals" and that the December 19, 1986 judgment should be set aside and re-entered.

The judgment is therefore reversed and the cause dismissed at the costs of plaintiff and the cause remanded to the Chancery Court for the collection of costs and any further necessary proceedings.

Having found that we are without jurisdiction to consider this appeal, we pretermit all other issues.

TODD, P.J., and CANTRELL, J., concur.