**Nancy E. ALGEE and Wayne Algee, Plaintiffs–Appellees,**

v.

**STATE FARM GENERAL INSURANCE COMPANY, Defendant–Appellant.**

Court of Appeals of Tennessee,
Western Section.

July 6, 1994.

Application for Permission to Appeal
Denied by Supreme Court
Oct. 3, 1994.

Lincoln A.R. Hodges, Germantown, for appellees.

Mitchell G. Tollison of Rainey, Kizer, Butler, Reviere & Bell, Jackson, for appellant.

CRAWFORD, Judge.

This is a defendant's interlocutory appeal from the order reinstating plaintiff's cause of action and setting aside a previous order of dismissal without prejudice on plaintiff's nonsuit.

Effective June 5, 1986, plaintiff, Nancy E. Algee and Wayne Algee, had a hazard insurance policy with defendant, State Farm General Insurance Company. On January 29, 1988, while the policy was in full force and effect, plaintiff's insured property was damaged by fire. The policy provided:

8. Suit Against Us. No action shall be brought unless there has been compliance with the police provisions and the action is started within year after the occurrence causing loss or damage.

In January, 1989, within the one year limitation period for filing suit, plaintiffs sued State Farm to recover under the policy. Defendant's answer joined issue on the allegations and asserted affirmative defenses. After discovery proceedings the case was set for trial. On May 13, 1992, the trial court entered an order of dismissal without prejudice on plaintiff's voluntary nonsuit.

On May 7, 1993, plaintiffs filed a "Motion to Set Aside Order of Voluntary Nonsuit and in the Alternative, for Relief under Rule 60.02." The motion states its premise:

[T]he reason for bringing this motion is that a recent case decided by the Supreme Court of the State of Tennessee, *Kee v. Shelter Insurance,* in a decision filed April 5, 1993, (after the non-suit) held that even when the insurance policy's contractual language only provides that suit must be instituted within one year of the loss, this means that once instituted the suit must be prosecuted to a conclusion and not dismissed and "saved" by the saving statute.

The decision says that to allow a person to take advantage of 28–1–105 would violate the prohibition in Article I, Section 20 of the Tennessee Constitution against passing retrospective law or law impairing the obligation of contracts.

It is submitted that good cause exists for the setting aside of the voluntary non-suit taken because the Supreme Court of the State of Tennessee had not so interpreted the law as of the date of non-suit. . . .

The affidavit of plaintiffs' attorney, filed in support of the motion, indicates that plaintiffs made a calculated choice to voluntarily dismiss their suit as a result of the defense interposed to plaintiffs' claim for the bad faith penalty.

The trial court granted plaintiffs' motion and defendant's motion for interlocutory appeal, which this court also granted. The only issue on appeal is whether the trial court erred in reinstating the cause of action.

Plaintiffs' counsel argues on appeal that there is a long line of Tennessee authority to support the proposition that a trial judge may set aside an order of nonsuit and reinstate a cause of action. However, the authorities that plaintiffs' counsel cites predate the adoption of the Tennessee Rules of Civil Procedure and involve situations in which the trial court still had jurisdiction over the case. As the Court of Appeals stated in *Newport Housing Authority, Inc. v. Hartsell,* 533 S.W.2d 317 (Tenn.App.1975):

> It is a well-settled rule in this state that any order or judgment of the Circuit Court is subject to the control of the trial judge and may be modified or set aside by him at any time before becoming final. Such orders or judgments do not become final until 30 days after entry. Rules of Civil Procedure Nos. 59.03, 59.04. *See Arkansas Fuel Oil Co. v. Tanner,* 195 Tenn. 553, 260 S.W.2d 286, and *Benson v. Fowler,* 43 Tenn.App. 147, 306 S.W.2d 49.

533 S.W.2d at 320. *See also Jerkins v. McKinney,* 533 S.W.2d 275, 280 (Tenn.1976) (Noting the general rule that once a judgment has been of record for thirty days, the trial court is without authority to set it aside and reenter the cause for purposes of appeal,

and recognizing that Rule 60 was enacted to provide relief against final judgments).

■ A trial court, in its discretion, may reinstate a cause of action within thirty days after entry of a nonsuit. *See Campbell v. Archer,* 555 S.W.2d 110 (Tenn.1977); *Arkansas Fuel Oil Co. v. Tanner,* 195 Tenn. 553, 260 S.W.2d 286 (1953). After thirty days, however, Tenn.R.Civ.P. 60 governs the trial court's jurisdiction over the case. As a result, plaintiffs' only relief in this case is pursuant to a Rule 60.02 motion for relief from judgment. Rule 60.02 provides in pertinent part:

> **Rule 60.02 Mistakes; Inadvertence; Excusable Neglect; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect. . . .

This Court has stated that "a party 'must make some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.'" *Kilby v. Sivley,* 745 S.W.2d 284, 287 (Tenn.App.1987) (quoting 11 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2858 (1973)). In *Kilby,* this court reversed the trial court's granting of Tenn.R.Civ.P. 60.02(1) relief because the lawyer had misread the rules of appellate procedure. In *Toney v. Mueller Co.,* 810 S.W.2d 145, 147 (Tenn.1991), the Tennessee Supreme Court stated: "A motion for relief from a judgment pursuant to Rule 60.02 addresses the sound discretion of the trial judge; the scope of review on appeal is whether the trial judge abused his discretion." *See also Travis v. City of Murfreesboro,* 686 S.W.2d 68, 70 (Tenn.1985).

■ Prior to May, 1989, T.C.A. § 28–1–105 (1980) provided:

> **New Action after adverse decision.**—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of

the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

This statute did not apply to a contractual limitation period. *Guthrie v. Indemnity Ass'n,* 101 Tenn. 643, 49 S.W. 829 (1899), *see also Schultz v. Hartford Mut. Ins. Co.,* 776 S.W.2d 76 (Tenn.App.1987).

Effective May 2, 1989, T.C.A. § 28-1-105 (1980) was amended by adding thereto paragraph (b), which provides:

> (b) In the case of a contract which limits the time within which an action arising out of such contract must be brought, if such action is commenced within the time as limited by the contract but the judgment or decree is rendered against the plaintiff upon any ground not concluding this right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives or successors, as the case may be, may, from time to time, commence a new action within one (1) year after the nonsuit, dismissal without prejudice, reversal or arrest.

In *Kee v. Shelter Insurance,* 852 S.W.2d 226 (Tenn.1993), the issue before the Tennessee Supreme Court was whether applying the 1989 amendment to T.C.A. § 28-1-105 "to an insurance contract existing before the statute's amendment violates the prohibition in Article I, Section 20 of the Tennessee Constitution against passing 'retrospective law, or law impairing the obligation of contracts.'" 852 S.W.2d at 226. The Court noted that prior to the amendment, the savings statutes had been held inapplicable to contractual limitation periods. *Id.* at 226–27. In *Kee,* as in the case at bar, the insured was required to bring suit within one year after denial of the claim, and the savings statute did not apply to lengthen this limitation period. In holding that the amendment to the savings statute could not be constitutionally applied to the existing contract of insurance, the Court said:

> In the present case, the loss occurred, and therefore the contractual right ac-

crued, nearly one year before the statutory amendment was adopted. At the time the insurance contract was executed and at the time of loss, the law of this state, as incorporated into the contract, required that the suit commenced within the contractually limited time be the suit prosecuted to judgment. The amendment, if applied retrospectively, negates that requirement and allows the policyholder to extend his cause of action, despite the fact that he failed to comply with the contractual obligation. Clearly, retrospective application of the amendment would impair the accrued contractual rights of the insuror. Accordingly, we conclude that where the contract was already executed and the contractual right accrued before the amendment's effective date, retrospectively applying the 1989 amendment impairs the obligation of contract and violates Article I, Section 20 of the Tennessee Constitution. . . .

852 S.W.2d at 229.

Plaintiff argues that the Supreme Court, by its ruling in *Kee,* in essence imposed a new requirement upon the plaintiffs that was not contained in the contractual language of the policy itself by requiring that plaintiff not only bring the suit within one year, but also prosecute to a conclusion without the benefit of the savings statute. We must respectfully disagree. As previously noted, since the *Guthrie* case was decided in 1899, it had been established that contractual limitation periods are not controlled by T.C.A. § 28-1-105. The *Kee* decision followed existing Tennessee law that was quite settled concerning the retrospective application of laws that affect contractual rights. *See Saylors v. Riggsbee,* 544 S.W.2d 609 (Tenn.1976); *Webster & Mann v. Rose,* 53 Tenn. 93 (1871); *Townsend v. Townsend,* 7 Tenn. (Peck) 1 (1821); *Anderson v. Memphis Housing Authority,* 534 S.W.2d 125, 126 (Tenn.App.1975). Moreover, in *Kee,* the Supreme Court affirmed the decision of the Court of Appeals filed September 5, 1991, long before plaintiffs took the voluntary nonsuit that occasioned this appeal.

State Farm had a vested right to have suit brought within the period prescribed by the contract. When plaintiffs made a conscious decision to nonsuit the case, defendant, under

existing law, had a vested right to repose. Plaintiffs seek to have this Court grant them what our Supreme Court denied the insured in *Kee.*

Notwithstanding the decision of the Court of Appeals in *Kee* filed long before the nonsuit was taken in the instant case, and the large body of law concerning impairment of contractual obligations, plaintiffs' choice for a nonsuit was made. In *Kilby v. Sivley,* 745 S.W.2d 284 (Tenn.App.1987), the Middle Section of this Court said:

> In *U.S. v. Erdoss,* 440 F.2d 1221, 1223 (2d Cir.1971), the Court stated: "The law in this circuit is reasonably clear when a conscious decision has been made by counsel, ignorance of the law 'is not the sort of "excusable neglect" contemplated by Federal Civil Rule 60(b), 28 U.S.C.A. as ground for vacating an adverse judgment.' " (citation omitted).

745 S.W.2d at 287.

We adopt the language in *Erdoss* as applicable to proceedings for relief under Tenn. R.Civ.P. 60.02(1). The trial court erred in exercising its discretion to set aside the nonsuit previously taken.

Accordingly, the order of the trial court is vacated and the case is remanded to the trial court for any proceedings that may be necessary. Costs of appeal are assessed against the appellee.

TOMLIN, P.J. (W.S.), and HIGHERS, J., concur.