IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 27, 2000

## KENNETH HENDERSON v. DEPARTMENT OF SAFETY

**Appeal from the Chancery Court for Davidson County**
**No. 96-780-III     Ellen Hobbs Lyle, Chancellor**

————————

**No. M1999-01911-COA-R3-CV - Filed December 21, 2000**

————————

Kenneth Henderson appeals pro se from an order of the Chancery Court of Davidson County dismissing his case for failure to prosecute his petition for review under Tennessee Code Annotated section 4-5-322 under which he sought judicial review of a judgment of Administrative Law Judge Marian Wall, which judgment had become final on December 29, 1995 with petition for reconsideration being denied on January 28, 1996. We affirm the action of the trial judge.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Kenneth Henderson, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Michael A. Meyer, for the appellee, Department of Safety.

**OPINION**

On March 8, 1996, Appellant, Kenneth Henderson, acting through his attorney, N. Reese Bagwell, filed a petition in the Chancery Court for Davidson County seeking review of a final order entered against him. Neither Appellant nor his attorney submitted a summons with the petition for service upon Defendant, Department of Safety, filed a properly executed cost bond, or filed a pauper's oath. On May 2, 1996, Chancellor Robert Brandt dismissed the petition for failure to prosecute. The dismissal was based on the failure to provide a summons for issuance and the failure to either execute cost bond or file a pauper's oath.

On July 29, 1996, Appellant, an inmate at Turney Center, filed pro se a motion to reinstate the petition with a supporting affidavit. In this affidavit, appellant asserts that he is the lawful owner of $141,505.00 allegedly seized from his home by agents of Defendant and that his attorney had failed to properly prosecute his petition for review filed on March 6, 1996.

By order entered September 4, 1996, Chancellor Brandt denied the motion to reinstate the petition for review.

On September 24, 1996, Appellant filed a notice of appeal to this Court. Thereafter, on December 4, 1996, he filed a motion in the chancery court to determine the status of his case and was advised by order from Chancellor Ellen Hobbs Lyle that his case had been previously dismissed for failure to prosecute and further directed him to file an appeal bond or pauper's oath on or before February 15, 1997. On May 13, 1997, Appellant filed a pauper's oath with supporting affidavit and on November 2, 1999, Chancellor Lyle entered an order accepting Appellant's pauper's oath and allowing him to proceed on appeal as a pauper.

Appellant asserts that Chancellor Brandt erred in dismissing his petition for judicial review for failure to prosecute same and further erred in denying his pro se motion to reinstate his petition for review.

The record shows that Appellant's attorney, whom he allegedly paid $7,500.00 to represent him in recovering the $141,000.00 allegedly belonging to him that had been confiscated by the Department of Safety, filed on March 8, 1996, a petition for review in the Chancery Court of Davidson County. This petition was not accompanied by a cost bond or pauper's oath, and Appellant's counsel failed to submit a summons for service upon Defendant.

The order of dismissal entered May 2, 1996 provides:

This petition for review was filed on March 8, 1996. On that date the office of Clerk and Master requested that the plaintiff submit a summons in duplicate for service on the defendant along with a cost bond or pauper's oath.

Because the plaintiff has not submitted the requested documents, this case is dismissed for failure to prosecute. Costs are taxed to the plaintiff.

While the dismissal for failure to submit a summons may not have been justified under *JACO v. Department of Health*, 950 S.W.2d 350 (Tenn. 1997) (holding that a summons was not required), the failure to either provide a cost bond under Tennessee Code Annotated section 20-12-120 or submit for consideration a pauper's oath under Tennessee Code Annotated section 20-12-127, provides ample basis for dismissal. The record shows that Chancellor Brandt waited fifty-five (55) days after the clerk and master notified counsel for Appellant to file the necessary bond for costs or a pauper's oath before he entered the May 2, 1996, order of dismissal for failure to prosecute.

Nothing was done, either by Appellant's counsel or by Appellant, following the May 2, 1996, order of dismissal until Appellant filed pro se his motion to reinstate his petition on July 29, 1996. This motion to reinstate was accompanied by the affidavit of Appellant in which he acknowledges that the May 2, 1996, order of dismissal was timely served on his attorney, but that this attorney

failed to take appropriate action to pursue his claim, either before or after the May 2, 1996, order of dismissal.

Since more than thirty (30) days elapsed between the dismissal order of May 2, 1996, and the July 29, 1996, motion to reinstate, it would appear that the only remedy available to Appellant is a motion under Tennessee Rule of Civil Procedure Rule 60.02, asserting mistake, inadvertence, surprise or excusable neglect. *See Algee v. State Farm General Ins. Co.*, 890 S.W.2d 445, 447 (Tenn. Ct. App. 1994).

Treating the motion to reinstate complaint of July 29, 1996, as a Rule 60.02 motion, certain recognized rules of law must be applied.

> Relief granted pursuant to Rule 60.02 is in the sound discretion of the trial judge. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). The scope of our review is to determine whether or not the trial court abused its discretion. *Underwood*, 854 S.W.2d at 97. The party seeking relief bears the burden of proof and must describe the basis for relief with specificity. He must show by clear and convincing evidence that relief from the judgment is warranted. *Duncan v. Duncan*, 789 S.W.2d 557, 563 (Tenn. App. 1990).

*Davidson v. Davidson*, 916 S.W.2d 918, 923 (Tenn. Ct. App. 1995).

The alleged failures of an attorney to take appropriate action in a case, whether such failures result from negligence or ignorance of applicable law, are insufficient to provide a basis for relief under Rule 60.02 of the Tennessee Rules of Civil Procedure. *See Kilby v. Sivley*, 745 S.W.2d 284 (Tenn. App. 1987).

On the record before this Court we cannot say that Chancellor Brandt abused his discretion in refusing to grant relief to Appellant under Tennessee Rules of Civil Procedure 60.02 and the judgment of dismissal by Chancellor Brandt is affirmed. Costs are assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE