IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

## HAROLD L. BELCHER, SR., V. CHERYL E. ROGERS

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 95CV388     Hon. L. Marie Williams, Circuit Judge**

**No. E1999-01844-COA-R3-CV - Decided June 23, 2000**

Plaintiff sought T.R.C.P. Rule 60.02 relief from his failure to comply with notice requirements of Tenn. R. App. P. 4 which the Trial Court denied. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

FRANKS, J., delivered the opinion of the court, in which SUSANO.J., and SWINEY, J., joined.

Robert T. Davis, Chattanooga, for Plaintiff-Appellant.

Douglas M. Campbell, Campbell & Campbell, Chattanooga, for Defendant-Appellee.

**OPINION**

The Trial Judge denied T.R.C.P. rule 60.02 relief, where plaintiff filed Notice of Appeal in the wrong court after the 30 days for filing notice of appeal had expired.

Plaintiff's Motion for a New Trial was overruled on November 10, 1998, and a Notice of Appeal was sent certified mail on December 9, 1998 to the Court of Appeals. The notice was received in the Court of Appeals on December 11, 1998, and was forwarded to the Trial Court where it was received and filed of record on December 14, 1998.

This Court has previously observed that "a motion for relief based on Rule 60.02 grounds addresses itself to the sound discretion of the trial judge. The scope of review of an appellate court is to determine if the discretion was abused." *Spruce v. Spruce*, 2 S.W.3d 192 (Tenn. Ct. App. 1998), citing *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94 (Tenn. 1993). Moreover, the burden is on the party seeking relief pursuant to Tenn. R. Civ. P. 60.02 to demonstrate that he is

entitled to relief. *Spruce.*

Plaintiff's counsel filed an Affidavit in Support of Motion for Relief, which stated that the Notice of Appeal was "erroneously addressed" to the Clerk of the Court of Appeals. Plaintiff sought relief for excusable neglect/mistake. Rule 60.02 provides that a party may be relieved from a final judgment for mistake, inadvertence, surprise, or excusable neglect, but this Court has previously held that such relief is available in "only the most extraordinary circumstances." *Jefferson v. Pneumo Service Corp.*, 699 S.W.2d 181 (Tenn. Ct. App. 1985).

While case law does not expressly define "mistake" and/or "excusable neglect", cases do address what is not encompassed by these terms. For example, in the case of *Food Lion, Inc. v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn. 1985), the Supreme Court said:

> "It has been declared that the mere negligence or inattention of a party is no ground for vacating a judgment against him. Carelessness is not synonymous with excusable neglect. Mere forgetfulness of a party to an action is not a sufficient ground for vacating or setting aside a judgment by default. Parties are not justified in neglecting their cases merely because of the stress or importance of their own private business and such neglect is ordinarily not excusable."

In that case, the Court found the lawyer's excuse of being too busy and being "uncertain as to how to proceed" did not constitute sufficient grounds for Rule 60.02 relief.

It has also been held that a lawyer who forgot to file the notice of appeal and/or misread or was ignorant of the rules cannot get relief under Tenn. R. Civ. P. 60.02. *See Jefferson*; *Kilby v. Sivley*, 745 S.W.2d 284 (Tenn. Ct. App. 1987); *Algee v. State Farm General Ins. Co.*, 890 S.W.2d 445 (Tenn. Ct. App. 1994). In *First National Bank of Polk County v. Goss,* 912 S.W.2d 147 (Tenn. Ct. App. 1995), we held that where an attorney mailed the Notice of Appeal to the trial court within two days of the appeal deadline and it did not reach the clerk on time, no excusable neglect was shown. As stated in *Kilby*, "to grant relief in every case where a lawyer is mistaken about the rules or is negligent in reading the rules would emasculate the rules pertaining to filing a notice of appeal." P.287.

We have repeatedly stated that the time limit on taking an appeal as of right under Tenn. R. App. P. 4 is mandatory and jurisdictional, and that pursuant to Tenn. R. App. P. 2, appellate courts are prohibited from extending that time frame. *First National Bank of Polk County,* and *Kilby*. Accordingly, we are constrained to affirm the judgment of the Trial Court, and remand with cost of the appeal assessed to the appellant.