IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 18, 2002 Session

## VICTORIA L. HENRY, ET AL. v. TIMOTHY A. GOINS, ET AL.

### Appeal from the Circuit Court for Davidson County
### No. 97C-496, 99C-1453 & 99C-1454    Hamilton Gayden, Judge

---

### No. M2000-02663-COA-R3-CV - Filed June 7, 2002

---

The suit of the plaintiffs was dismissed for failure to prosecute. The judgment did not provide that the dismissal was without prejudice. More than thirty days after entry of the Order of Dismissal, the plaintiffs filed a Rule 60.02 Motion that the Order of Dismissal be set aside. Their failure to file a timely motion was attributed to the asserted excusable neglect of a paralegal who assumed that a motion filed by a cross-claimant sufficed for the plaintiffs as well. The trial judge set the Order of Dismissal aside. We hold that the conduct of the paralegal cannot be treated as excusable neglect. A defendant, Robert Orr-Sysco Food Systems Company ["Robert Orr-Sysco"], incurred reporting expenses before a non-suit was taken by the plaintiffs. The defendant moved for discretionary costs which were disallowed. We reverse.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, J. J., joined.

Eugene Nicholas Bulso, Jr. and Julie C. Murphy Burnstein for the appellant, Robert Orr - Sysco Food Services Company.

Robert L. Whitaker and Bart Durham for the appellees, Victoria L. Henry and Peggy Henry.

### OPINION

### I.

This litigation arose from a traffic accident involving three vehicles. Victoria and Peggy Henry filed an action seeking damages for personal injuries against Robert Orr-Sysco, Timothy Goins, Neal Dobyns and Jason Pope. Mr. Goins filed a cross-complaint against Mr. Pope and Mr. Dobyns, for personal injuries. His employer, Robert Orr-Sysco filed a cross-complaint against Mr. Pope and Mr. Dobyns for property damages.

The case languished and was dismissed *sua sponte* by an Order entered April 20, 1998 for failure to prosecute. The cross-actions of Mr. Goins and Robert Orr-Sysco were caught up in the Order of Dismissal, which did not provide that the dismissal was without prejudice.

## II.

Mr. Goins filed a Motion on May 19, 1998 to set aside the Order of Dismissal. This Motion was granted and Mr. Goins' case was restored to the trial docket.

The plaintiffs Henry filed a Rule 60 motion on June 15, 1998 to set aside the order of dismissal of their case, alleging excusable neglect and the inadvertent mistake of a paralegal employed by plaintiffs' counsel who submitted an affidavit that she "inadvertently misread the motion [of Mr. Goins] assuming it to have been filed on behalf of all plaintiffs."

This motion was also granted, and the case of Peggy and Victoria Henry was restored to the trial docket.

On the day of trial, the plaintiffs voluntarily dismissed their complaint. The cross-claim of Mr. Goins was continued. The plaintiffs re-filed their claims in the General Sessions Court which were removed, by agreement, to the Circuit Court. An order of consolidation for trial to a jury was entered.

The defendant Robert Orr-Sysco moved to dismiss the removed General Sessions Court cases on the ground of former suit pending because the voluntary dismissal "was not a final judgment since it did not direct the entry of a final judgment as required by Rule 54.02, Tennessee Rules of Civil Procedures."

The motion was denied and the cases were submitted to a jury which returned verdicts in favor of all plaintiffs. Robert Orr-Sysco appeals, alleging that the court erred in failing to grant its motion to dismiss the plaintiffs' case on the ground of former suit pending, and in refusing to award discretionary costs.

## III.

At the outset, we are constrained to state that in their brief the plaintiffs' Henry declare:

> The court's Order states in pertinent part that the plaintiffs' claims against Tim Goins, Robert Orr-Sysco Food Services Company, Jason M. Pope, and Neal Dobyns d/b/a Residue Rescue are hereby dismissed *without prejudice* pursuant to Tennessee Rule of Civil Procedure 41.01 . . . [Emphasis added.]

We have examined the Order entered on April 20, 1998. It does *not* provide that the dismissal is without prejudice, and under Rule 41.02(3) an involuntary dismissal for failure to prosecute "operates as an adjudication on the merits" unless the trial judge otherwise directs. Consequently, the April 20, 1998 Order of Dismissal was a final judgment and on the merits. *See, Hoalcraft v. Smithson*, 19 S.W.3d 822 (Tenn. Ct. App. 2000).

## IV.

The Rule 60 Motion to set aside the Order of Dismissal takes on added significance as a result of our determination that the Order was final and on the merits. Rule 60.02 permits the court to relieve a party from a final judgment or order for mistake, inadvertence, surprise or excusable neglect. In her words the paralegal "inadvertently misread the motion"; Ms. and Mrs. Henry argue that this conduct on the part of their lawyer's paralegal is excusable neglect which entitles them to relief from the April 22, 1998 Order of Dismissal. We disagree. The negligence of a lawyer or a member of his staff is not excusable neglect. *See, Barber and McMerry Inc. v. Top-Flite Dev. Corp.*, 720 S.W.2d 469, (Tenn. Ct. App. 1986); *Food Lion v. Washington County Beer Bd.*, 760 S.W.2d 893 (Tenn. 1985); *Kilby v. Sivley*, 745 S.W.2d 284 (Tenn. Ct. App. 1987); *Jefferson v. Pneumo Serv. Corp.*, 699 S.W.2d 181 (Tenn. Ct. App. 1985); *State ex rel Sizemore v. United Physicians Risk Retention Corp.*, 56 S.W.3d 557 (Tenn. Ct. App. 2001); *Holiday v. Shoney's South Inc.*, 42 S.W.3d 80 (Tenn. Ct. App 2001), (holding that a lawyer's mistake as to the legal effect of a non-suit is not excusable neglect.)

## V.

The trial judge interpreted some unpublished opinions of this Court as establishing a philosophy to "bend over backwards to keep these cases going when people are interested in them," thus indicating his apparent reluctance to bestow the judicial imprimatur upon the conduct of the paralegal. We respectfully suggest that we are unaware of such a policy or philosophy. We hold that the conduct of the paralegal, imputable to her employer, was not excusable neglect within the ambit of Rule 60.02, and that it was error to set aside the Order of Dismissal of the plaintiffs' case.

## VI.

Robert Orr-Sysco complains of the refusal of the trial court to award discretionary costs incurred in the defense of the suit voluntarily dismissed.

Tennessee Rule Civil Procedure 54.04(2) governs the issue. Discretionary costs are defined as "reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions and trials and guardian ad litem fees."

Robert Orr-Sysco sought recovery of reporting expenses in defending the action before the plaintiffs non-suited their cases. These expenses aggregated $1,136.40.

Robert Orr-Sysco employed Precision Models, Inc. to manufacture a precise, scaled model of the roadways where the accident occurred. The cost of this model was $3,200.00, which Sysco claims was "necessarily incurred in the defense of this action." The model was introduced in evidence upon the merit trial. Aside from the fact that Robert Orr-Sysco was not the prevailing party, the expenses associated with the manufacture of demonstrable exhibits are not covered by the Rule.

We have held that reporting expenses should be recoverable as discretionary costs absent a finding that such expenses were unreasonable or unnecessary. *See, **Harmon v. Shell***, 1994 Tenn. App. LEXIS 229, (Apr. 1994). The assessment of recoverable costs is a discretionary matter, ***Lock v. National Union Fire Ins. Co.***, 809 S.W.2d 483 (Tenn. 1991) but discretion is limited when the prevailing party seeks specifically enumerated costs. ***Harmon***, *supra.* No convincing argument is advanced in support of the denial of the reporting fees of $1,136.40, and these costs will be allowed. The denial of the cost attributable to the model is affirmed.

In sum, the judgment overruling the motion of Robert Orr-Sysco to dismiss the actions of Peggy and Victoria Henry is reversed and their complaint against Robert Orr-Sysco and Timothy Goins is dismissed. The judgment entered pursuant to the verdict awarding Peggy and Victoria Henry a recovery from Timothy Goins and Robert Orr-Sysco is vacated. Costs of appeal are assessed to the plaintiffs, Peggy and Victoria Henry, equally. The order awarding discretionary costs to the plaintiffs against Robert Orr-Sysco and Timothy Goins is vacated.

Robert Orr-Sysco is awarded its discretionary costs against the plaintiffs in the amount of $1,136.40. The case is remanded to the trial court for all appropriate purposes.

_____
WILLIAM H. INMAN, SENIOR JUDGE