IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 16, 2021 Session

## ALVIN MACK, ET AL. V. BAPTIST MEMORIAL HOSPITAL, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-0288-19      Valerie L. Smith, Judge**

_____

### No. W2020-00809-COA-R3-CV

_____

This appeal arises from a health care liability action. Darryl G. Rush-Mack ("Decedent") died while receiving care at Baptist Memorial Hospital ("the Hospital"). Alvin Mack ("Mr. Mack"), Kevin Mack, and Darwisha Mack Williams ("Plaintiffs," collectively) sued the Hospital and Dr. Aaron Kuperman ("Dr. Kuperman") ("Defendants," collectively) in the Circuit Court for Shelby County ("the Trial Court"). Defendants filed motions to dismiss, which the Trial Court granted. Thirty days from entry of the order passed without Plaintiffs filing a notice of appeal. Plaintiffs later filed a motion to set aside pursuant to Tenn. R. Civ. P. 60.02 asserting that the order was not stamped to be mailed until six days after it was filed and it went to a PO Box Plaintiffs' counsel does not use for business. The Trial Court granted the motion and entered a new order of dismissal, from which Mr. Mack appeals. We find that Mr. Mack failed to meet the clear and convincing evidentiary burden necessary for Rule 60.02 relief; indeed, the Trial Court relied only upon statements of counsel rather than evidence. We, therefore, reverse the Trial Court's grant of Plaintiffs' Rule 60.02 motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Terrell L. Tooten, Cordova, Tennessee, for the appellant, Alvin Mack.

Amanda C. Waddell and Hugh Francis, IV, Memphis, Tennessee, for the appellee, Aaron Kuperman, M.D.

J. Matthew Kirby and Megan E. Lane, Memphis, Tennessee, for the appellee, Baptist Memorial Hospital.

# OPINION

## Background

On September 19, 2017, Decedent was admitted to the Hospital. Regrettably, Decedent died while in the Hospital. On January 22, 2019, Plaintiffs sued Defendants for wrongful death and health care liability. In April 2019, Dr. Kuperman filed a motion to dismiss. In his motion, Dr. Kuperman asserted that Plaintiffs failed to substantially comply with Tenn. Code Ann. § 29-26-121. Dr. Kuperman asserted further that Plaintiffs failed to state a claim upon which relief could be granted. In May 2019, the Hospital filed its own motion to dismiss. On August 9, 2019, the Trial Court heard these motions. On December 20, 2019, the Trial Court granted Defendants' motions to dismiss. A certificate of service reflected that the order of dismissal was mailed to Plaintiffs' counsel's PO Box address. Thirty days passed without Plaintiffs filing a notice of appeal.

On January 27, 2020, Plaintiffs filed a motion to set aside pursuant to Tenn. R. Civ. P. 60.02. Plaintiffs' motion stated that their counsel does not use his PO Box for business mail, and counsel believed it had been removed as his mailing address. Plaintiffs also observed that, while the order was signed by the judge on December 20, 2019 and contained a certificate from the clerk reflecting service on all other parties on that date, it was not actually stamped to be mailed until December 26, 2019. Plaintiffs asserted that, "[f]or whatever reason," their attorney did not receive the order by mail until January 24, 2020. Counsel collected and reviewed his mail on January 26, 2020.

Following an April 2020 hearing held via video conference, on May 11, 2020 the Trial Court granted Plaintiffs' motion to set aside. In its order, the Trial Court stated, in pertinent part:

> 1. The Court heard the Defendants' Motion to Dismiss on August 9, 2019.
> 2. This Court entered and [sic] Order Granting the Motion to Dismiss on December 20, 2019.
> 3. The Order was not mailed by the Circuit Court Clerk's Office until December 26, 2020 [sic].
> 4. A Motion to Set Aside the Final Order was filed on January 27, 2020.
> 5. Upon statements of counsel on April 7, 2020, that he regularly checked his post office box and the unrefuted proof that the mailing of the Order was longer than acceptable, this Court finds that the Plaintiff's Motion to Set Aside the Final Order based on Rule 60.02 in order to allow time to appeal is well taken and shall be granted.

Thereafter, the Trial Court re-entered its order of dismissal, from which Mr. Mack appealed to this Court.[1]

## Discussion

Mr. Mack raises one issue on appeal: whether the Trial Court erred in granting Defendants' motions to dismiss. However, the dispositive issue—one raised by Defendants—is whether the Trial Court erred in granting Plaintiffs' motion to set aside and re-entering its order of dismissal solely "to allow [Mr. Mack] time to appeal…."

This Court has discussed the relief available to litigants who file an untimely notice of appeal:

> The sole relief that can be granted to a party who files an untimely notice of appeal must come from the trial court, pursuant to Tennessee Rule of Civil Procedure 60. *First Nat'l Bank*, 912 S.W.2d at 148; *Jefferson*, 699 S.W.2d at 184. This relief is generally granted, however, in only the most "extraordinary" circumstances. *Id*. Ignorance or mistaken understanding of court rules, a lawyer's busy schedule, and delays caused by mailing have been ruled insufficient for the purposes of granting Rule 60 relief. *First Nat'l Bank*, 912 S.W.2d at 149; *Kilby v. Sivley*, 745 S.W.2d 284, 287 (Tenn. Ct. App. 1987); *Jefferson*, 699 S.W.2d at 184. This Court has found an extraordinary circumstance warranting relief, however, when a trial court clerk failed to timely mail copies of the signed and filed order to the parties. *See Muesing v. Ferdowski*, No. 01A019005CV00156, 1991 WL 20403 at *2 (Tenn. Ct. App. Feb. 21, 1991). "Parties seeking relief pursuant to Tenn. R. Civ. P. 60.02 have the burden of demonstrating that they are entitled to relief." *Jefferson*, 699 S.W.2d at 186.

*Hartline v. Hartline*, No. E2012-02593-COA-R3-CV, 2014 WL 103801, at *7 (Tenn. Ct. App. Jan. 13, 2014), *no appl. perm. appeal filed*. As this Court has stated: "When such relief is granted, it usually takes the form of vacating the original final judgment and then re-entering it thus causing the thirty day period within which to file a notice of appeal to begin to run again." *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184-85 (Tenn. Ct. App. 1985). Rule 60.02 provides, in part: "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect…." A party seeking relief pursuant to Rule 60.02 has the burden of proof, is required to "describe the basis of relief with specificity," and must demonstrate by clear

---

[1] Kevin Mack and Darwisha Mack Williams did not file notices of appeal.

-3-

and convincing evidence that the requested relief is justified. *Hussey v. Woods*, 538 S.W.3d 476, 483 (Tenn. 2017) (internal citations omitted). "Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n. 3 (Tenn. 1992). Our standard of review is whether the trial court abused its discretion in granting or denying relief under Rule 60.02. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010). "An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011).

Continuing our review of the pertinent law, Tenn. R. App. P. 3(a) provides: "In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right…." In addition, Tenn. R. App. P. 4(a) provides: "In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from; …." The 30-day time limit in Rule 4 is jurisdictional in civil cases, *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003), and this Court lacks authority to waive the time limit. *See* Tenn. R. App. P. 2. Regarding when entry of a final disposition becomes effective, Tenn. R. Civ. P. 58 provides:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> (1) the signatures of the judge and all parties or counsel, or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.
>
> Following entry of judgment the clerk shall make appropriate docket notations and shall copy the judgment on the minutes, but failure to do so will not affect validity of the entry of judgment. When requested by counsel or pro se parties, the clerk shall forthwith mail or deliver a copy of the entered judgment to all parties or counsel. If the clerk fails to forthwith mail or deliver, a party prejudiced by that failure may seek relief under Rule 60.

-4-

This Court previously has discussed the purpose of Rule 58 and its mandatory nature as follows:

> "The purpose of [Tenn. R. Civ. P. 58] is to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he [or she] is involved." *Masters ex rel. Masters v. Rishton*, 863 S.W.2d 702, 705 (Tenn. Ct. App. 1992); *see also* Tenn. R. Civ. P. 58, advisory comm'n cmt. (stating that Rule 58 "is designed to make uniform across the State the procedure for the entry of judgment and to make certain the effective date of the judgment"). Compliance with Rule 58 is mandatory, *State ex rel. Taylor v. Taylor*, No. W2004-02589-COA-R3-JV, 2006 WL 618291, at *2 (Tenn. Ct. App. Mar. 13, 2006) (quoting *Gordon v. Gordon*, No. 03A01-9702-CV-00054, 1997 WL 304114, at *1 (Tenn. Ct. App. June 5, 1997)), and "[t]he failure to adhere to the requirements set forth in Rule 58 prevents a court's order or judgment from becoming effective." *Blackburn v. Blackburn*, 270 S.W.3d 42, 49 (Tenn. 2008) (citing *DeLong v. Vanderbilt Univ.*, 186 S.W.3d 506, 509 (Tenn. Ct. App. 2005)). This means that an order that does not comply with Rule 58 "is not a final judgment and is ineffective as the basis for any action for which a final judgment is a condition precedent." *Citizens Bank of Blount County v. Myers*, No. 03A01-9111-CH-422, 1992 WL 60883, at *3 (Tenn. Ct. App. Mar. 30, 1992) (holding that an execution and garnishment was improper when based on a judgment that did not comply with Rule 58); *see also State ex rel. Taylor*, No. W2004-02589-COA-R3-JV, 2006 WL 618291, *3 (Tenn. Ct. App. March 13, 2006) (dismissing the appeal for lack of a final order when the order appealed from did not comply with Rule 58). Accordingly, if the order appealed is not a final judgment, this Court does not have subject matter jurisdiction to adjudicate the appeal. *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003).

*Fielder v. Southern Health Partners*, No. M2014-01819-COA-R3-CV, 2016 WL 399777, at *4 (Tenn. Ct. App. Feb. 1, 2016), *no appl. perm. appeal filed* (quoting *Steppach v. Thomas*, No. W2008-02549-COA-R3-CV, 2009 WL 3832724, at *4 (Tenn. Ct. App. Nov. 17, 2009), *no appl. perm. appeal filed*).

Defendants contend that Plaintiffs failed to meet their burden of clear and convincing evidence necessary for relief under Rule 60.02. For his part, Mr. Mack states among other things that "[a]t … a bare minimum, the clerk failed to mail the Order timely, which failed to afford Appellant with a full 30 days to file the notice of appeal…." Mr. Mack contends that the Trial Court was correct in granting Plaintiffs relief under Rule 60.02. In support of his argument, Mr. Mack points to *Masters by Masters v. Rishton*, a

case in which this Court found that a purported final judgment never actually served upon the plaintiffs therein was not a final judgment:

> The "Amended Order Granting Motion for Summary Judgment" entered on behalf of the Rishtons on November 26, 1991, contains a certificate of service certifying that a copy of the order finalizing the judgment dismissing plaintiffs' claims against the Rishtons was served upon all parties of interest to the proceeding. In oral argument, however, counsel for the Rishtons conceded that this order was never actually served upon the plaintiffs. T. R. Civ. P. 58 provides that a judgment becomes final upon its filing with the Clerk after being signed by the judge. The Rule further provides that the judgment is not final unless it bears the signature of the judge "and either: (1) the signatures of all parties or their counsel or (2) a certificate of counsel or the Clerk that copies of the judgment or action of the court have been served on all parties or counsel of record." The purpose of this Rule is to insure that a party is aware of the existence of a final, appealable judgment in a lawsuit in which he is involved. We believe that under the rationale for Rule 58, a judgment which is not actually served on a party within a reasonable time after it has been filed, even though it contains a certificate of service, is not a final appealable judgment. Accordingly, we hold that the judgment entered on November 26, 1991, purporting to dismiss the claims against the Rishtons has never become a final judgment and therefore the plaintiffs' appeal of the judgment dismissing the claims against the Rishtons must be dismissed on the ground that there is no final judgment against the Rishtons from which an appeal may lie.

*Masters by Masters v. Rishton*, 863 S.W.2d 702, 705 (Tenn. Ct. App. 1992).

In the present case, the Trial Court's December 20, 2019 order of dismissal contained the judge's signature and a certificate from the clerk reflecting that a copy was served on counsel for all parties. Facially, at least, Rule 58's requirements for a final judgment were met, and the 30-day time limit in which to file a notice of appeal began to run. Nevertheless, Mr. Mack is correct in that a delay in actually mailing a judgment to a party can undermine that judgment's finality. The *Rishton* court wrote of the necessity of service on a party "within a reasonable time after [the judgment] has been filed." 863 S.W.2d at 705. This language from *Rishton* comports with the wider jurisprudence on finality of judgments and timeliness of appeals. We, however, do not interpret it to mean that a litigant automatically is excused from the jurisdictional 30-day time limit in which to file a notice of appeal because of a delay in mailing a judgment. In the present case, Mr. Mack has pointed to a six-day delay in the clerk mailing Plaintiffs the Trial Court's order of dismissal. Defendants acknowledge the delay occurred. This delay was unacceptable.

It should not have taken that long to get the order sent by mail to all parties. However, Mr. Mack failed to account for the other 24 days in which he had time to file a notice of appeal. We do not believe *Rishton* stands for the proposition that a clerk's delay in sending out a copy of a final judgment by mail in itself relieves a litigant from an obligation to act by filing a notice of appeal when that litigant still has sufficient time upon receipt of the final judgment by mail in which to file a timely notice of appeal. The question then is whether Mr. Mack had such time.

To obtain relief under Rule 60.02, Plaintiffs had to prove, by clear and convincing evidence, that some extraordinary circumstance existed to justify that relief. Besides the clerk's delay, which we have addressed, the only other basis for the Trial Court's grant of Plaintiffs' motion was "that [counsel] regularly checked his post office box," presumably meaning counsel had regularly checked his post office box and the judgment had not arrived in time. We note, however, that in Plaintiffs' motion to set aside, Plaintiffs asserted that counsel does not use his post office box for business, and he thought it had been removed as his address, which is an entirely different factual basis than the one found by the Trial Court. In either case, the Trial Court relied solely upon statements of counsel in making its finding. That is problematic, as our Supreme Court has stated that "mere statements of counsel are not evidence or a substitute for testimony." *Metro. Gov't of Nashville & Davidson Co. v. Shacklett*, 554 S.W.2d 601, 605 (Tenn. 1977). The threshold for relief under Rule 60.02 is relatively high. For example, in the *Hartline* case, this Court affirmed a trial court's grant of Rule 60.02 relief and laid out the evidentiary basis for its decision. This Court discussed:

> In ruling that Husband met his burden of demonstrating that he was entitled to relief under Rule 60.02, the trial court made the following specific findings of fact and conclusions of law in pertinent part:
>
> > (a) The rebuttable presumption has been overcome by the Affidavit of Defendant's attorney, Affidavit of attorney's staff, Affidavit of the Defendant, and the Affidavit of the Clerk & Master.
> > (b) The assertions in the Affidavit are not refuted and therefore there is excusable neglect.
> > (c) There is no prejudice to the Plaintiff by granting the motion.
> > (d) There was no neglect by the Defendant's attorney. The law firm of Logan-Thompson has a reputation in this community, such that, the Court believes the assertions that the Order was not received and therefore actual notice was not accomplished.
> > (e) It is not unreasonable to rely on the mail.

-7-

(f) The lack of notice constitutes excusable neglect making it appropriate and just to set aside the entry of the order.

Having reviewed the record and evidence in this cause, we agree with the trial court on this issue. Although it is undisputed that the trial court clerk mailed the order to Husband's counsel, affidavits from the clerk and master and the deputy clerk raise sufficient question regarding whether outgoing mail from the court clerk's office was reliably reaching its destination at the time the order at issue was sent. Moreover, affidavits from Husband's counsel, his paralegal, and assistant describe a reliable system of opening, scanning, and sorting mail that included reading mail within twenty-four hours of receipt, cross-checking among staff members within the office, sending copies of orders to clients immediately as a matter of course, and filing mail both electronically and in hard-copy form. Husband attested as well that he had consistently received copies of orders throughout the course of this case but did not learn of the order at issue until his counsel notified him on the day counsel purported to have learned of the order himself, October 29, 2012. We also note that Husband's counsel attempted to rectify the situation immediately upon purportedly learning of the order's entry, submitting the Rule 60.02 motion and accompanying affidavits the next day.

Although Wife is correct that Husband's counsel could have contacted the trial court clerk's office to inquire as to the entry of the order, we agree with the trial court that it was not unreasonable for counsel to rely on the court clerk to timely send the entered order to him through the mail. *See* Tenn. R. Civ. P. 58(3) ("When requested by counsel or pro se parties, the clerk shall forthwith mail or deliver a copy of the entered judgment to all parties or counsel. If the clerk fails to forthwith mail or deliver, a party prejudiced by that failure may seek relief under Rule 60."). As for claimed prejudice to Wife, we determine that, based on Husband's immediate response to learning of the September 24, 2012 order's entry, Wife's necessity of defending the appeal would have arisen in any case had Husband's counsel received the order from the trial court clerk in a timely fashion. We therefore agree with the trial court that Wife was not prejudiced by re-entry of the judgment and conclude that the trial court properly granted Husband's Rule 60.02 motion for relief.

*Hartline*, 2014 WL 103801, at *7-8.

In the present case, there simply is nothing like the evidence presented in *Hartline*. There were no affidavits or other evidence admitted in the Trial Court. Apparently, there

-8-

was no proper evidence admitted at all—just statements of counsel resulting in a factual finding by the Trial Court that is different from the factual allegations in the Rule 60.02 motion. This will not suffice. Plaintiffs therefore fell well short of meeting their burden of clear and convincing evidence,[2] and the Trial Court erred in granting Plaintiffs' motion to set aside on the basis of Tenn. R. Civ. P. 60.02.

Alternatively, Mr. Mack argues that the Trial Court was empowered to act, even *sua sponte*, under Tenn. R. Civ. P. 60.01 to correct the erroneous certificate of service reflecting that judgment was mailed to all parties on December 20, 2019. Rule 60.01 provides:

> Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

We note first that Plaintiffs did not file their motion to set aside pursuant to Rule 60.01. Rather, they filed it pursuant to Rule 60.02, and that was the basis upon which the Trial Court granted relief. Except for certain limited exceptions not applicable here, we will not consider issues, let alone claims, raised for the first time on appeal. *See City of Cookeville ex rel. Cookeville Reg'l Med. Ctr. v. Humphrey*, 126 S.W.3d 897, 905-06 (Tenn. 2004) (noting the general rule that "questions not raised in the trial court will not be entertained on appeal." (quoting *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983))). Furthermore, even considering the issue, it is not apparent that the clerk's certificate was an error of oversight or omission within the meaning of Rule 60.01. Our Supreme Court has explained: "Rule 60.01 … is designed to afford relief in those character of cases wherein the judgment or order, either standing alone, or when viewed in connection with other portions of the record, shows facially that it contains errors arising from oversight or omission." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). The clerk's six-day delay in mailing the judgment was an unacceptable failure to act, not an error inherent in the judgment itself. Therefore, Mr. Mack is not entitled to relief under Tenn. R. Civ. P. 60.01.

In sum, we reverse the Trial Court in its grant of Plaintiffs' motion to set aside. Consequently, we lack jurisdiction to hear Mr. Mack's appeal as it was untimely filed.

---

[2] In fact, it is not clear from its order whether the Trial Court utilized the applicable clear and convincing standard in ruling on Plaintiffs' Rule 60.02 motion.

## Conclusion

The judgment of the Trial Court granting Plaintiffs' Rule 60.02 motion is reversed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Alvin Mack, and his surety, if any.


      s/D. Michael Swiney_____

      D. MICHAEL SWINEY, CHIEF JUDGE